WILSON *v.* BORDER QUEEN KITCHEN CABINET COMPANY.

4-10,000            254 S. W. 2d 682

Opinion delivered February 9, 1953.

*Franklin Wilder* and *Gutensohn & Ragon,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

Ed. F. McFadddin, Justice. This is a Workmen's Compensation case, and involves the time limit for filing a claim.

On August 22, 1949, James Wilson, (hereinafter called "Claimant") was engaged in pushing a load of lumber for Border Queen Kitchen Cabinet Company (hereinafter called "Employer") when some part of the lumber or truck injured claimant's knee. He was promptly sent to Dr. Knight, who treated him that day and also on September 2nd and September 10th of 1949. An X-ray disclosed no bone fracture. On the last mentioned day, the Doctor told the claimant he need not return unless his knee troubled him further. The claimant resumed work on September 1, 1949, and received no compensation—other than the aforementioned medical services[1] for his injuries.

Claimant continued to work for the employer; and on October 17, 1951—after a lapse of more than two years from the last medical treatment—claimant reported to the employer that the old knee injury had been causing trouble all along and had become serious. The employer promptly sent the claimant to the same doctor who had treated him in 1949, and the doctor's 1951 report reads:

"Examination revealed the knee to be swollen. There was atrophy of the thigh muscles showing the patient was definitely favoring the knee and that it was giving him trouble. Also on examination I was able to elicit a definite click which is quite indicative of torn meniscus. X-rays revealed an area in the condyle of the femur apparently where a fragment of bone had become detached. I felt that the patient's knee should be operated on . . ."

Because of the lapse of more than two years—September 10, 1949, to October 17, 1951—between visits to the doctor and present claim of impairment, the employer's insurance carrier denied liability; and on facts

---

[1] By the provisions of § 81-1302 (i) and § 81-1311 of the Pocket Supplement of Ark. Stats. (containing the 1948 Act), "compensation" means not only the money allowance, but also includes hospital and doctor bills.

as hereinbefore detailed, the Workmen's Compensation Commission denied the claimant an award, saying:

"Upon consideration of all the evidence, it is our opinion that the claimant's right to compensation is barred because the claim was not filed within two years following the date of accident, or one year following the last rendition of medical treatment by the respondents."

The Circuit Court affirmed the Commission; and we agree that the Commission was correct. Our Workmen's Compensation Law of 1939 provided in § 18 (a)[2]:

"The right of compensation for disability under this Act shall be barred unless a claim therefor is filed within *one year after date of the injury . . ."* (Italics supplied.) Under that section, we decided such cases as *Sanderson* v. *Crow,* 214 Ark. 416, 216 S. W. 2d 796; *Donaldson* v. *Calvert,* 217 Ark. 625, 232 S. W. 2d 651; and *T. J. Moss Tie & Timber Co.* v. *Martin,* 220 Ark. 265, 247 S. W. 2d 198.

But at the 1948 General Election, the People adopted Initiated Act No. 4, which changed the previously quoted language of the 1939 Act so that the law on the same point[3] now reads:

"A claim for compensation for disability on account of an injury . . . shall be barred unless filed with the Commission within two years *from the date of the accident* . . . In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one year from the date of the last payment of compensation, or two years from the *date of accident,* whichever is greater." (Italics supplied.)

The present case is governed by the 1948 law. It will be observed that the 1939 law stated that the time for filing a claim ran from "the injury," whereas the 1948 law (Acts 1949, p. 1420) says the time for filing a claim runs from "the accident." This distinction was

---

[2] As found in § 81-1318 (a) of the 1947 Volume of Ark. Stats.

[3] See Sec. 18 (a) of Initiated Act No. 4 of 1949 which may be found in Sec. 81-1318 of the Cumulative Pocket Supplement of Ark. Stats.

pointed out in *Donaldson* v. *Calvert, supra*. In the case at bar the accident happened on August 22, 1949, and the last medical services were rendered on September 10, 1949. The claim was not filed until October 17, 1951, so it was clearly barred by the applicable statute.

Affirmed.

JUSTICE HOLT not participating.