GLADNEY, Judge.
John M. Rushing, a resident of Natch-itoches Parish, Louisiana, has instituted this action for workmen’s compensation, and from a judgment rejecting his demands he has appealed.
The relief sought by plaintiff encompasses iniuries received in two separate acci *299 dents, the first of which occurred in the State of Arkansas and the second in Webster Parish, Louisiana, it being alleged that the second injury aggravated the pre-exist-ing one. Each of said accidents is.alleged to fall within the purview of workmen’s compensation coverage, and in each instance the respondent, Travelers Insurance Company, was the compensation carrier for the employer so involved.
On March 16, 1953, Rushing was employed in steel construction at Stamps, Arkansas, and while so engaged, he sustained an accidental injury to his back. The employee presented his claim to the Arkansas Workmen’s Compensation Commission and received compensation payments for twenty-eight weeks, covering the period from March 24, 1953 to September 30, 1953, at the rate of $25 per week, totaling $753.57, and medical expenses in -.the sum of $773.03. At the time of the accident plaintiff was employed by Ebasco Services, Inc., which company has never conducted any business within the State of Louisiana, and has no agent for the process of service designated in this state. Following his injury on March 16, 1953, plaintiff received medical treatment for relief of his back, from Dr. D. F. Overdyke, Jr., and examinations from other doctors. During the early part of 1955, Dr. Over-dyke performed an operation for a lumbo-sacral fusion for the purpose of correcting spondylolisthesis of the fifth lumbar vertebra, which although congenital in origin, was stated by Dr. Overdyke to have been aggravated by the accident of March 16, 1953.
On October 13, 1953, plaintiff sustained a second injury in Webster Parish, Louisiana, when, while employed by the American Surface Combustion Corporation, a heavy steel frame fell upon his foot. The employee reported to Dr. R. B. Van Horn of Minden on the date of the injury. This doctor bandaged the foot and testified that X-rays taken at the time disclosed no fractures. His diagnosis was a contusion of the foot. The patient was fully discharged as of October 28th as able to resume his work. On October 15, 1953 Rushing reported to Dr. Ford J. Macpherson, orthopedic surgeon of Shreveport, who examined the injured foot and made a diagnosis of “contusion with ecchymosis of the metatarsoph-alangeal region of the left foot.” His foot was dressed and the patient was advised to remain away from work until October 19, 1953, after which time the doctor anticipated no further disability. On November 11, 1953, Rushing reported to Dr. Thomas R. Simpson of Shreveport, relating to him a history of the foot injury on October 13, 1953. After an examination, Dr. Simpson found plaintiff to be suffering from epider-maphytosis or Athlete’s Foot, complicated by a secondary infection. During the treatment the patient was hospitalized for a period of five days and released on November 18, 1953, as fully recovered. According to the testimony of Drs. Van Horn, Macpher-son and Simpson, plaintiff did not complain to them that the injury of October 13th affected the back injury which occurred on March 16, 1953.
Counsel for appellant earnestly contends that the two injuries sustained by plaintiff are related in that the first injury was aggravated when plaintiff, in order to extract his foot from under the steel frame, pulled and jerked until the old injury in his back was “antagonized”. In support of this contention plaintiff relies upon the testimony of Drs. D. F. Overdyke, Jr. and W. H. Pierson, of Natchitoches, Louisiana. Dr. Overdyke testified:
“In conclusion, the only statement that I can make referable to this, is that if the accident to the foot resulted in the exertion of any unusual force through or to the lower extremity or any unusual sharp or awkward motion to the low back, it could have aggravated the already existing condition.”
Dr. Pierson, a general practitioner, admitted that his opinion was predicated' upon, a physical examination without X-rays, and was based largely upon the written report of Dr. Overdyke. Further pertinent evidence is revealed in the testimony of D'r. Overdyke with respect to X-ray pictures of plaintiff’s back taken September 22, *300 1953, by Dr. Overdyke and February 16, 1954, by Drs. Gray, Calhoun & Scruggs of Little Rock, Arkansas. Dr. Overdyke testified following examination and comparison that the two X-rays were identical and that no change was reflected in plaintiff s hack condition between the period of September 22,1953, and February 16, 1954.
Another factor which throws some light upon the question of relationship between the two injuries is the work record of plaintiff. By stipulation in the record it is shown Rushing was gainfully employed in construction work during the year preceding January 19, 1955, during which time he earned a total of $3,225.13.
In argument before this court, it is earnestly contended on behalf of appellant that recovery should be permitted as of permanent and total disability, commencing from October 13, 1953; secondly, in the alternative, that such compensation should begin on March 16, 1953, and compensation paid by reason of entitlement under the Louisiana statute; and, third, also in the alternative, that the trial court should have applied the Arkansas Workmen’s Compensation Law and awarded plaintiff compensation under and by virtue of said act for a period of 450 weeks, commencing on March 16, 1953, at the rate of $25 per week, the whole not to exceed $8,000.
A careful review of the evidence has convinced this court, as it did the trial judge, that plaintiff failed to make out his case through showing to a legal certainty that he sustained a compensable injury on October 13, 1953, or that said accidental injury aggravated or contributed in any wise to a pre-existing injury sustained in Arkansas on March 16, 1953.
Our rejection of counsel’s contention the accident of October 13, 1953 has produced a justiciable controversy customarily would dispose of this case, but we are impelled to elaborate somewhat on appellant’s alternative demands. The Louisiana Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq., can in no wise be said to have any application to plaintiff’s employment accident in Arkansas on March 16, 1953. The testimony of certain union officials that they were requested to send a certain number of steel men to Stamps, Arkansas, for employment falls short of showing that the contract of employment between plaintiff and Ebasco Services, Inc. was consummated in Louisiana. Even though plaintiff was a citizen of Louisiana at the time of his employment in Arkansas all other factors clearly indicate the Arkansas Workmen’s Compensation Commission and the courts of Arkansas were vested with full and complete jurisdiction over the rights of plaintiff to assert compensation against Ebasco Services, Inc.
When this suit was instituted the defendant filed the following exceptions, all of which were directed at the court a' quo assuming jurisdiction of the rights of the plaintiff arising out of the injuries received in Arkansas on March 16, 1953; exception to the jurisdiction ratione personae; exception to the jurisdiction ratione materiae; exceptions of no cause or right of action; and exceptions of improper accumulation of actions and res judicata. The trial court obviously preferred to try the case on its merits, and in referring the exceptions to the merits, pointed out in its written reasons for judgment that all rights to the exceptions were reserved. The defendant before this court does not urgently insist upon the exceptions. Counsel for appellant contends that the exceptions have been waived.
There can be no question that the trial court was vested with jurisdiction to consider the question of the injury of October 13, 1953, which occurred in Webster Parish. Certainly also, action on said claim was properly brought against the insurer without the employer being made a party defendant. The State of Arkansas, however, does not have a direct action statute and consequently if suit on plaintiff’s accident of March 16, 1953, had been brought in the State of Arkansas an action would not lie against the insurer alone. Under the Louisiana Workmen’s Compensation Act *301 and especially LSA-R.S. 23:1313, suits against the insurer are thusly restricted:
“Suits in which the insurer is a defendant which arise out of accidents that happened in the State of Louisiana may be filed at the domicile of the employer or in the parish where the accident occurred and at no other place, whether the action is direct against the insurer alone, or whether the employer is joined therein. Suits arising out of accidents which occurred in other states where the courts of Louisiana have jurisdiction may be filed against the insurer in the Parish of East Baton Rouge. The insurer shall in all things be bound by and shall be subject to the awards, judgments, or decrees rendered against the insured.”
We deem it unnecessary to examine whether or not there is merit to the exceptions, or if in fact, they have been abandoned. We are fully convinced from the evidence adduced in his case that the accident sustained by plaintiff on March 16, 1953, presents a separate and distinct claim wholly disconnected from the foot injury received October 13, 1953. It is also clear that full and complete jurisdiction under the Workmen’s Compensation Law of the State of Arkansas, Act 319 of the Acts of the General Assembly of 1939, as amended and revised by Act 4 of 1948, Ark.Stats. § -81 — 1301 et seq., rests with the Arkansas Workmen’s Compensation Commission and the courts of said state. It is further shown that plaintiff has already presented to and the Arkansas Workmen’s Compensation Commission has made an adjudication as to plaintiff’s claim. Under these circumstances it is manifestly unwise and unnecessary for this court to consider judicial issues which peculiarly fall within the jurisdiction of the Arkansas Commission and the courts of said state. See: Burton v. Lester, 1955, 227 La. 347, 79 So.2d 333; United States Fidelity & Guaranty Co. v. Savoy Grill, 1936, 51 Ohio App. 504, 1 N.E.2d 946; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 1941, 123 F.2d 558 and Illinois Cent. R. Co. v. Bullock, 5 Cir., 1950, 181 F.2d 851, and Annotation 135 A.L.R. 934.
For the foregoing reasons it is our considered opinion that the judgment from which appealed is correct and it is hereby affirmed.