REYNOLDS METAL COMPANY *v.* BRUMLEY.

5-927                                    290 S. W. 2d 211

Opinion delivered May 14, 1956.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Tom Gentry* and *Joe W. McCoy,* for appellee.

MINOR W. MILLWEE, Associate Justice. This case involves the applicable statute governing the time limit within which a claim for additional compensation must be filed under the Workmen's Compensation Law.

There is no dispute in the material facts. Appellee, William J. Brumley, suffered a cerebral thrombosis

while working for appellant, Reynolds Metals Company, on September 20, 1950, resulting in an immediate loss of vision in the left eye and a slight paralysis of the left side of his body. His claim for compensation was controverted by the company and its insurance carrier. After hearings before one commissioner and the full Commission, the latter, on March 6, 1952, found that appellee had sustained a compensable accidental injury arising out of the course of his employment. There was an award of compensation for temporary total, disability at the rate of $25 per week from December 2, 1950 to January 16, 1951 and, beginning with the latter date, compensation at the same weekly rate for a period of 100 weeks for the loss of vision in the left eye. It was further directed that appellants pay the reasonable medical and hospital bills incurred by appellee as a result of the injury. There was no appeal from this award.

The last payment of the 100 weeks compensation awarded for loss of vision was made to appellee on December 8, 1952 and he signed a "Final Receipt" for the benefits awarded. Appellee continued working on the assumption and medical finding that the disability from the injury to his left side was temporary in nature. On October 26, 1953, he became unable to work and reported to Dr. Cole, a company doctor, who sent him to Dr. Robert Watson in Little Rock, Arkansas on October 30, 1953. Appellee was placed in the Baptist Hospital where he remained nine days under the observation, examination and care of Dr. Watson who was then under the mistaken belief that appellee had a brain tumor.

The letter from appellants to Dr. Watson for the Little Rock appointment stated that he was to see appellee for examination only, but appellee was never so advised. Upon appellee's release from the hospital on November 7, 1953, Dr. Watson gave him a prescription for 100 tablets of nicotinic acid, to be taken over a period of thirty days, and advised appellee to rest and take reasonable exercise without over-exertion. According to Dr. Watson, this constituted the only known treatment for one in appellee's condition which had gradually pro-

gressed since the original injury from total temporary disability to total permanent disability. Appellee made additional trips to see Dr. Watson on November 23, 1953 and February 10, 1954. The insurance carrier paid appellee for the medicine prescribed by Dr. Watson and his expenses incurred on the first trip to Little Rock on December 2, 1953. It also paid appellee's hospital bill of $152.55 on February 4, 1954 and made a final payment to Dr. Watson for his services on February 18, 1954.

Appellee filed his claim for additional compensation for total and permanent disability on May 4, 1954. At a hearing before a single commissioner on September 14, 1954, appellants pleaded Section 18 (b) of the Workmen's Compensation Law as a complete bar to the claim. This section now appears as Ark. Stats. Sec. 81-1318 (b), 1955 Supplement, and reads: *"Additional compensation.* In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of accident, which ever is greater.'' Appellants' plea was sustained by order of the commissioner on November 4, 1954.

On appeal to the full Commission, a hearing was held January 31, 1955 in which appellants pleaded Section 26 of the Compensation Act as a bar to the claim. This section now appears as Ark. Stats. Sec. 81-1326, 1955 Supplement, and provides: *"Modification of awards—* Except where a joint petition settlement has been approved the Commission may at any time within six [6] months of termination of the compensation period fixed in the original compensation order or award, upon its own motion or upon the application of any party in interest, on the ground of a change in physical condition or upon proof of erroneous wage rate, review any compensation order, award or decision, and upon such review may make an order or award terminating, continuing, decreasing or increasing for the future the compen-

sation previously awarded, subject to the maximum limits provided for in this Act [§ 81-1301—81-1349]. Such review and subsequent order or award shall be made in accordance with the procedure prescribed in Section 23 [§ 81-1323] hereof. No such review shall affect any compensation paid pursuant to a prior order or award. The Commission may at any time correct any clerical error in any compensation order or award." The full Commission sustained appellants' new plea and again dismissed appellee's claim. On appeal to Circuit Court this finding was reversed and the claim was held to be filed within the time prescribed by law.

For reversal of the circuit court judgment, appellants contend, as the full Commission found, that Sec. 81-1318 (b), supra, has to do only with the time of filing a claim when voluntary payments of compensation have been made as distinguished from payments made as the result of an award or order of the Commission after a hearing. We find no such distinction in the statute which is clearly made applicable to a claim for additional compensation in cases where compensation for disability has been paid on account of injury. The instant case is of that character. In *Sanderson & Porter* v. *Crow*, 214 Ark. 416, 216 S. W. 2d 796, this section, which then appeared as Sec. 18 (a), was held to impose an absolute limitation on the time for filing a claim for additional compensation under the Compensation Act. In *Ragon* v. *Great American Indemnity Co.*, 224 Ark. 387, 272 S. W. 2d 524, we held that the cost of medicine and medical, surgical or hospital services was a part of "compensation" under Sections 2 (i)[1] and 11[2] of the Compensation Act. This decision was handed down December 20, 1954 and doubtless prompted appellants' change of

---

[1] This section appears as Ark. Stats. § 81-1302 (i), 1955 Supplement and reads: " 'Compensation' means the money allowance payable to the employee or to his dependents, and includes the allowances provided for in § 11 [§ 81-1311], and funeral expense."

[2] This is Ark. Stats. § 81-1311, 1955 Supplement and reads in part: "The employer shall promptly provide for an injured employee such medical, surgical, hospital and nursing service, and medicine, crutches, artificial limbs and other apparatus as may be necessary during the period of six months after the injury, or for such time in excess thereof as the Commission, in its discretion, may require."

defense at the hearing before the full Commission on January 31, 1955.

There appears to be some merit in appellee's contention that he has not sought a review or modification of the original award within the meaning of Sec. 81-1326, *supra,* which merely constitutes a grant of additional power to the Commission and not a statute of limitations. However, if it be conceded that said section is a statute of limitations, there is sufficient ambiguity between it and Sec. 81-1318 (b) as to cast considerable doubt as to which one is applicable to the instant proceeding. In this situation we are committed to the rule that if a substantial doubt exists as to which is the applicable statute of limitations, the longer rather than the shorter period of limitation is to be preferred and adopted. *Jefferson* v. *Nero,* 225 Ark. 302, 280 S. W. 2d 884. This rule is in harmony with our settled policy of giving a broad and liberal construction to the provisions of the Compensation Act to effectuate its purposes and the further policy of resolving doubtful cases in favor of the claimant. *E. H. Noel Coal Company* v. *Grilc,* 215 Ark. 430, 221 S. W. 2d 49; *Triebsch* v. *Athletic Mining and Smelting Co.,* 218 Ark. 379, 237 S. W. 2d 26.

By our holding in the *Ragon* case, supra, the furnishing of medicines and medical services to appellee in November and December, 1953 and February, 1954 constituted payment of "compensation" to appellee within the meaning of Sec. 81-1318 (b), supra. This holding follows the general rule that where an employer or his insurance carrier has furnished an injured employee medical and hospital services, this constitutes a payment of compensation or a waiver which suspends the running of the time for filing a claim for compensation. See cases from other jurisdictions cited in 144 A. L. R. 617. In this connection, we cannot agree with appellants' further contentions that the medical services performed by Dr. Watson were in the nature of "an examination only" and that, even if such services constituted "treatment," same would not toll the statute be-

cause they were not furnished pursuant to a requirement of the Commission. The original award required appellants to pay reasonable medical and hospital bills incurred as a result of appellee's injury and it is undisputed that Dr. Watson prescribed medicine to be taken over a 30-day period along with rest and reasonable exercise as the only treatment known to him for appellee's condition. In our opinion such services amounted to treatment and not merely an examination, as was true in *Wilson* v. *Border Queen Kitchen Cabinet Co.*, 221 Ark. 580, 254 S. W. 2d 682, relied on by appellants. We are of the further opinion that appellants must be held to have waived the requirement of a Commission order by voluntarily furnishing the medical services after the six months period provided in Sec. 81-1311. See *Blahut* v. *Liberty Creamery Company* (Mo. App.) 145 S. W. 2d 506; *Buecker* v. *Roberts,* (Mo. App.) 260 S. W. 2d 325; *Ketchell* v. *Wilson & Co.,* 138 Kan. 79, 23 Pac. 2d 488, and other cases to the same effect which are cited in Fifth Decennial Digest, Workmen's Compensation, Key No. 1295.

It follows that appellee filed his claim for additional compensation well within one year from the date of the last payment of compensation as provided in Section 81-1318 (b) which we find to be the applicable statute of limitations. The judgment is accordingly affirmed.

GEORGE ROSE SMITH, J., dissents.

GEORGE ROSE SMITH, J., dissenting. I would remand the case to the Commission for its determination of a question of fact that was not reached at the original hearing. The appellee was sent to Dr. Watson for examination only. The required examination proved to involve elaborate procedures that kept the patient in the hospital for more than a week and that were extremely painful. Partly, if not wholly, to alleviate this pain Dr. Watson prescribed sedatives and the use of nicotinic acid. He also told the patient that he should take routine exercise and avoid overexertion in the future. It seems to me that the record presents an issue of fact as to whether these

matters amounted to treatment furnished by the employer. If the Commission should hold that the medication and advice were merely incidental to the diagnostic examination and did not amount to the giving of treatment, that holding would in my opinion be supported by substantial evidence. Consequently I think the majority have decided an issue of fact that should be determined by the Commission alone.