AETNA CASUALTY & SURETY CO. *v.* JORDAN.

5-2515                                                352 S. W. 2d 75

Opinion delivered December 18, 1961.

*Riddick Riffel,* for appellant.

*Howell, Price & Worsham,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a Workmen's Compensation case and necessitates a study of paragraphs (b) and (e) of § 81-1318 Ark. Stats.

On March 4, 1955, Appellee Jordan, while an employee of Dickmann-Farnsworth, sustained accidental injuries in the course of his employment at Crossett, Arkansas. Aetna Casualty & Surety Company, as the insurance carrier of Dickmann-Farnsworth, upon learn-

ing of Jordan's injuries immediately commenced payment of compensation to him for temporary total disability. The last of these payments was on August 16, 1955. Jordan lived in the State of Louisiana and instituted action in the District Court of that State for continuation of the Workmen's Compensation payments, claiming that he was totally and permanently disabled. In that action, Jordan insisted that the Louisiana Workmen's Compensation Law was applicable, and he proceeded by a suit in the District Court as provided by § 23:1311 Louisiana Revised Statutes of 1950.

Aetna Casualty & Surety Company, as Dickmann-Farnsworth's insurance carrier, resisted the jurisdiction of the Louisiana Court, claiming that the Arkansas Workmen's Compensation Commission had exclusive jurisdiction. On May 2, 1957, the Louisiana District Court held that the Arkansas Workmen's Compensation Commission had exclusive jurisdiction and dismissed Jordan's action there pending; and on July 6, 1957, Jordan filed his claim with the Arkansas Workmen's Compensation Commission, claiming total permanent disability. The insurance carrier and the employer then insisted that Jordan's claim was barred by limitations under § 81-1318(b) Ark. Stats., the argument being that Jordan was injured on March 4, 1955; received his last payment for compensation on August 16, 1955; the claim was not filed with the Arkansas Workmen's Compensation Commission until July 6, 1957; and the cited statute says that in a claim for additional compensation, the claim must be filed "within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the accident, whichever is greater."[1]

The Referee and the Full Commission on appeal held that Jordan's claim was barred by limitations; the Circuit Court reversed the Commission and remanded

---

[1] Some of our cases involving § 81-1318(b) Ark. Stats., or the earlier and somewhat similar statute, are: *Sanderson & Porter* v. *Crow*, 214 Ark. 416, 216 S. W. 2d 796; *Wilson* v. *Border Queen Kitchen Cabinet Co.*, 221 Ark. 580, 254 S. W. 2d 682; *Little* v. *Smith*, 223 Ark. 601, 267 S. W. 2d 511; and *Reynolds Metal Co.* v. *Brumley*, 226 Ark. 388, 290 S. W. 2d 211.

the claim to the Commission for development on the question of disability; and the insurance carrier and the employer prosecute this appeal. The determination of continued disability *vel non* has not been made. We have repeatedly held that the filing of a claim within the prescribed time is mandatory. The filing of the claim with the Commission on July 6, 1957, was more than one year from the date of the last payment and more than two years from the date of the accident. So the claim is barred pursuant to the provisions of § 81-1318(b) Ark. Stats., unless the claimant can successfully rely on § 81-1318(e), which reads:

"Whenever recovery in an action at law to recover damages for injury to or death of an employee is denied to any person on the ground that the employee and his employer were subject to the provisions of this act (§§ 81-1301—81-1349), the limitations prescribed in subsections (a) and (b) shall begin to run from the date of the termination of such action. In such event the employer or carrier shall be allowed a credit for actual cost of defending the action at law, not to exceed two hundred fifty dollars ($250), which shall be deducted from any compensation paid."

We look now at the facts in the record which cause the claimant to rely on the above section. At all times herein involved the claimant lived in the State of Louisiana. After the insurance carrier ceased making compensation payments on August 16, 1955, the claimant filed suit in Louisiana against the Aetna Casualty & Surety Company, as the insurance carrier of the employer. This was the correct procedure in Louisiana for the adjudication of compensation claims, *i. e.*, rather than seeking an award from a commission, the claim is filed in the proper district court (§ 23:1311 Louisiana Revised Statutes of 1950). Originally, the claimant sued in the Eighth Judicial District Court in Louisiana, but took a nonsuit and refiled the action in the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, Louisiana. The insurance carrier excepted to the

jurisdiction of the Louisiana Court and claimed that the claimant was employed in Arkansas; that the injury occurred in Arkansas; and that the Arkansas Workmen's Compensation Commission had exclusive jurisdiction. Evidence was heard on whether the claim would be governed by the Louisiana Compensation Law or the Arkansas Compensation Law. The Nineteenth Judicial District Court sustained the insurance carrier's exception to jurisdiction and dismissed the action[2] on May 2, 1957. Thereupon, the claim was filed with the Arkansas Workmen's Compensation Commission on July 6, 1957.

---

[2] The Judge of the Louisiana Court wrote an opinion in the case which recited in part:

"Suit was first instituted in the Eighth Judicial District Court of Louisiana, and upon an exception to the jurisdiction of that Court being filed, testimony was taken thereon. Prior to judgment on the exception in that suit Plaintiff voluntarily nonsuited same and instituted the suit in this District. By stipulation of counsel, the evidence previously taken was offered on the trial of the exception before this Court and the matter submitted thereon.

"From the testimony of Mr. Jack C. Copeman, General Superintendent of Dickmann-Farnsworth Construction Company, and of a Mr. Charles R. Anding, Financial Secretary-Treasurer and Business Agent of the Iron Workers Local Union Number 710 of Monroe, Louisiana, it is my opinion that the Plaintiff herein became employed by Dickmann-Farnsworth Company only after he had arrived in Crossett, Arkansas, the place where the construction job was under way, and following the determination of the management of the Construction Company that Plaintiff was acceptable.

"Inasmuch as the evidence shows that the Construction Company had an arrangement with the Union by which prospective employees were referred to the Construction Company by the Union and were guaranteed the equivalent of two (2) hours pay for reporting to the place of employment, counsel for Plaintiff contend that this was the actual employment of the Plaintiff by the Construction Company. Both the representative of the Union and the Superintendent of the Construction Company deny that, in fact, the Plaintiff was so employed—Mr. Anding disclaiming any authority to employ Plaintiff on behalf of the Construction Company and likewise Mr. Copeman testifying that the Agent had no such authority from the Construction Company. At most, the arrangement in my opinion was for a paid interview but under no circumstances could it be classed as an employment contract.

"The cases of *Cobb* v. *International Paper Company*, 76 So. 2d 460; *Reed* v. *Zurich General Accident and Liability Insurance Company*, 83 So. 2d 660, and *Rushing* v. *Travelers Insurance Company*, 85 So. 2d 298, are, in my opinion, applicable to the issue here involved and therefore in my opinion the contract of employment between the Construction Company and Plaintiff was made and entered into in the State of Arkansas where Plaintiff allegedly sustained the injuries about which this suit was brought, and, in consequence, this Court has no jurisdiction."

In view of the Arkansas Statutes and the facts as recited, we hold that § 81-1318(e) is applicable, and that the claim is not barred by limitation. Learned counsel for the insurance carrier says that the action in the Louisiana District Court was not "an action for damages" and is therefore not within the purview of the said paragraph (e), but this argument is not impressive. The purpose of filing a claim is to set in motion the approved machinery for adjudication. The action in the Louisiana District Court certainly put the insurance carrier of the employer on notice. The purpose of subsection (e) is to toll the statute of limitations while an action is pending. The action in the Louisiana Court was to recover money for injuries sustained by the claimant. It was in a court of law. What more is a damage suit than an action in a law court to recover money for injuries sustained?

It would be putting form above substance to hold that subsection (e) of § 81-1318 Ark. Stats. was not applicable in this case. In *Reynolds* v. *Brumley, supra,* we said:

"In this situation we are committed to the rule that if a substantial doubt exists as to which is the applicable statute of limitations, the longer rather than the shorter period is to be preferred and adopted. *Jefferson* v. *Nero,* 225 Ark. 302, 280 S. W. 2d 884. This rule is in harmony with our settled policy of giving a broad and liberal interpretation to the construction of the provisions of the Compensation Act to effectuate its purposes, and the further policy of resolving doubtful cases in favor of the claimant. *E. H. Noel Coal Company* v. *Grile,* 215 Ark. 430, 221 S. W. 2d 49; *Triebsch* v. *Athletic Mining and Smelting Co.,* 218 Ark. 379, 237 S. W. 2d 26."[3]

---

[3] In addition to the cases cited in this opinion, the following authorities have been cited in the briefs or discovered in the study made by the Court: Schneider's Workmen's Compensation Text, Vol. XII § 2369, "Conflict of Laws in Limitation Statutes," and § 2404 "Louisiana Law on Limitations"; *Giacalone* v. *Industrial Accident Commission* (Cal.), 262 P. 2d 79; *Rushing* v. *Travelers Ins. Co.* (La. Ct. App.) 85 So. 2d 298; 100 C.J.S. §§ 355, 362; *City of Brunswick* v. *King* (Ga. App.), 14 S. E. 2d 760; *Westrich* v. *Industrial Comm. of Ohio,* 197 N.E. 823; *Lineberry* v. *Town of Mebane (N. C.),* 12 S. E. 2d 252; *Hayes* v. *Barras,* 6 So. 2d 66; and annotation in 78 A.L.R. 1294.

In view of the foregoing, we affirm the judgment of the Circuit Court which remanded the claim to the Commission with directions to overrule the plea of limitations and for determination of compensation, if any, and for whatever sum, if any, the carrier should be allowed as a credit for the cost of defending the Louisiana action.

Affirmed.

WARD, J., dissents.

PAUL WARD, Associate Justice, dissenting. I am unable to agree with the majority opinion or the reasoning on which it is based.

The facts involved are not in dispute. Very briefly they are: Claimant, an employee of Dickmann-Farnsworth Contractors, was injured while working in Crossett on March 4, 1955; Promptly, the carrier started paying claimant for temporary total disability; The last of such payments was made August 16, 1955. Later claimant filed suit in a District Court of Louisiana for compensation under the Workmen's Compensation Act of that State. That suit was dismissed on May 2, 1957 because the Louisiana Court had no *jurisdiction,* and claimant filed a claim for additional compensation before the Arkansas Compensation Commission on July 6, 1957. It will be noted that this claim before the Commission was filed two years and three months after the injury and one year and eight months after the last payment of compensation.

Based on the above facts alone it is obvious, as is conceded by the majority, that the claim was barred under Ark. Stats. § 81-1318, sub-section (b), *i.e.*; it was filed more than two years after the injury and more than one year after the last compensation payment to claimant. See: *Phillips* v. *Bray,* 234 Ark. 190, 351 S. W. 2d 147.

In the opinion of the majority the claim was filed in time under the provisions of sub-section (e) of the above mentioned Section. This sub-section, in all parts pertinent here, reads:

"Whenever recovery in an *action at law* to recover *damages* for injury to or death of an employee is *denied* to any person on the ground that *the employee and his employer were subject to the provisions of this act* . . ., the limitations prescribed·in    . . .   (b) shall begin to run from the date of the termination of such action." (Emphasis added.)

Only a casual examination of the above quoted sub-section indicates clearly that the majority have misapplied its provisions to the facts in this case.

*One.* Sub-section (e) applies to an "action at law". The suit which claimant filed in the Louisiana court (conceded to be a law court) was nothing more or less than a claim for compensation. Under the Louisiana Workmen's Compensation Act, that was the proper court in which to file a claim for compensation, just as under our procedure the proper place to file such claim is with the Commission.

*Two.* Sub-section (e) applies to an action to recover *damages.* In this case claimant did not file suit in Louisiana for *damages* but for compensation. In *Dawson* v. *Jahncke Drydock, Inc. et al,* 33 F. Supp. 668 (E. D. La. 1940), a situation very similar to that presented here was under consideration, and it was held that a suit for compensation filed in the Louisiana District Court was not a suit for *damages.* There the Court said:

"*Here,* there was no suit for damages. The action in the State court was for no other purpose than the obtaining of the *compensation* . . ."

The Louisiana statute itself is abundantly clear on this point. It reads:

"In case of dispute over or failure to agree upon a claim for compensation between employer or employee, or the dependents of the employee, either party may present a verified petition to the district court which would have jurisdiction in a civil case, or to the district court of the parish in which the injury was done or the accident occurred, or to any court at the domicile, or at

the principle place of business of the defendant, having jurisdiction of the amount of dispute, at the option of the plaintiff.'' (La. Rev. Stats. ch. 23, § 1311 [1950])

*Three.* Sub-section (e) applies where the action at law is ''denied'' on the ground that ''the employee and his employer is subject to the provisions of this act . . .'' But claimant's claim in the Louisiana court was denied because the court had no jurisdiction.

*Four.* In a portion of sub-section (e) not copied above, a penalty up to $250 is placed against claimant who unsuccessfully files a suit for *damages* in an *action at law.* The reason for that provision obviously is meant to discourage attempts to evade the Workmen's Compensation Act in an effort to obtain a large amount based on negligence as an independent contractor. Just such a situation was before this court in the recent case of *Co-Ark. Const. Co.* v. *Amsler, Judge,* 234 Ark. 200, 352 S. W. 2d 74. See also: *Bell* v. *Wabash Ry. Co.,* 58 F. 2d 569 (8th Cir., 1932). To my mind, that is the kind of *action at law* to recover *damages* to which sub-section (e) applies. By no stretch of the imagination can I conceive it to be the intention of our Workmen's Compensation Act to penalize a claimant $250 for inadvertently filing his claim for *compensation* (as opposed to damages) before the wrong court or tribunal. Could any one reasonably believe the Commission, in this case, has the right to assess a substantial penalty against claimant merely because he filed his claim for *compensation* in the wrong jurisdiction, especially since, as pointed out by the majority, the decision was difficult to make?

*Two.* The case relied on to some extent by the majority to support its opinion—*Reynolds Metal Co.* v. *Brumley,* 226 Ark. 388, 290 S. W. 2d 211—is not in point, because it is based on an entirely different state of facts than those present in this case. In the *Brumley* case the claimant filed his claim for additional compensation within one year after he had received his last compensation payment. (It was there stated, as does the statute state, that payment of a medical bill amounts

to a payment of compensation.) That fact brought the *Brumley* case squarely within the statute, § 81-1318 (b), *i.e.* Brumley's claim was filed within one year after the last compensation payment. That situation does not obtain here, and there is no contention or suggestion by the majority that it does.

Consequently, I would reverse the trial court, and would affirm the Referee and the Commission.