INDUSTRIAL, INC. et al *v.*
Edward D. PIERCE

77-344                                       563 S.W. 2d 1

Substituted opinion delivered March 20, 1978
(In Banc)

*Burrow & Sawyer,* for appellants.

*Putman, Davis, Bassett, Cox & Wright,* for appellee.

GEORGE ROSE SMITH, Justice. This is a workmen's compensation case. The full commission dismissed the claim as barred by limitations, with no indication that continuing jurisdiction might be asserted upon some other basis. The circuit court reversed the commission's decision. We review the evidence in the light most favorable to the decision of the

12

commission, its findings being controlling over those of the administrative law judge. *Burks, Inc.* v. *Blanchard,* 259 Ark. 76, 531 S.W. 2d 465 (1976).

Pierce was injured on June 7, 1973. He was paid temporary disability benefits until he returned to work in October, 1973. He also received medical benefits until December, the last medical bill being paid by the insurance carrier in May, 1974. After Pierce returned to work he continued to suffer pain and was urged from time to time by his employer to go to a doctor, the employer explaining that the bill would be paid either by workmen's compensation or by the employer's coverage through Blue Cross-Blue Shield. Pierce, however, did not seek medical attention until August 6, 1975, which was more than two years after the injury and more than one year after the carrier's last payment of a medical bill. The claim was therefore barred by the language of the statute. Ark. Stat. Ann. § 81-1318 (b) (Repl. 1976).

Even though compensation was last actually paid in May, 1974, the claimant argues that compensation was nevertheless "furnished" by the employer when the claimant consulted a physician at the employer's suggestion. If that physician's fee had been paid by the employer or its insurance carrier, we do not rule out the possibility that the statute of limitations might have been set in motion. See *Reynolds Metal Co.* v. *Brumley,* 226 Ark. 388, 290 S.W. 2d 211 (1956). But here it is not shown that the employer or carrier paid for the services received by the claimant after the statute had run. We find that there is substantial evidence to support the commission's view that an employer's offer to provide medical services from one source or another does not amount to the "payment of compensation" within the language of the statute.

Reversed.

HICKMAN and HOWARD, JJ., dissent.

GEORGE HOWARD, JR., Justice, dissenting. I am compelled to dissent from the holding of the majority in denying the claim of appellee for additional benefits on the grounds that appellee's claim is barred by statute of limitations inasmuch

as his claim for additional compensation was not filed within one year from the date of the last payment of benefits, or within two years from the date of the injury. It is my conviction that the holding of the circuit court, as well as the administrative law judge's holding, in favor of the appellee-claimant, are supported by substantial evidence for two reasons and, accordingly, should be affirmed.

## I.

The record reflects that in addition to temporary total disability sustained by appellee-claimant for which he received temporary total disability benefits for a period of seventeen weeks at the rate of $63.00 per week, appellee-claimant also sustained permanent disability to the body as a whole, but the rate of this permanent disability has not been decided, nor has appellee-claimant received any benefits for any total permanent disability.[1] Consequently, the Workmen's Compensation Commission has never lost jurisdiction of the case since there is an unresolved issue yet to be decided. Therefore, appellee-claimant's request for additional temporary benefits is not a new claim as such, but is simply an amendment to his existing unresolved claim and the statute of limitations has no applicability to this proceeding.

## II.

Secondly, the employer of appellee-claimant testified that he was personally aware that appellee-claimant was having problems with his leg after he returned to work and even admonished appellee-claimant to seek medical assistance. However, appellee-claimant, in striving to be loyal to his employer and in an effort to meet pressing financial obligations, continued to work in order to avoid losing any time from his employment. An employee with this type of interest and concern about his employer's business should not be penalized on a technicality void of either substance or compassion. The posture taken by the majority can only encourage procrastination and dilatory tactics involving industrial personal injury claims.

---

[1]The record reflects that appellee-claimant sustained certain facial disfigurement and injury to his right ankle resulting in an undetermined impairment in the use of his right leg.

Moreover, the conduct of the employer in advising the appellee-claimant to seek medical assistance and further advising him as late as 1975 that the medical expenditures would be borne by the employer's insurance coverage is sufficient to find a waiver or even estoppel on the part of respondents in seeking to deny appellee-claimant's request for benefits.

In *Reynolds Metal Company* v. *Brumley*, 226 Ark. 388, 290 S.W. 2d 211, we emphasized that it is the Court's "settled policy of giving a broad and liberal construction to provisions of the Compensation Act to effectuate its purposes and the further policy of resolving doubtful cases in favor of the claimant." The holding of the administrative law judge and the circuit court, because of the unusual circumstances in this case, certainly promotes the policy announced in *Reynolds*.

HICKMAN, J., joins in this dissent.