JAMES Q. BRYAN v. FORD, BACON & DAVIS, ET AL

5-4807                                      438 S.W. 2d 472

Opinion Delivered March 10, 1969

[Rehearing denied April 14, 1969.]

328

*Bernard Whetstone* for appellant.

*Shackleford & Shackleford* for appellees.

J. Fred Jones, Justice.　This is a workmen's compensation case and involves the running of the statute of limitations for filing a claim with the Workmen's Compensation Commission while the claimant pursued his employer's public liability insurance carrier in a vain attempt to collect a personal injury judgment he had obtained by default against a fellow-employee third party tort feasor.

The facts, as revealed by the record, are as follows: The appellant, James Q. Bryan, was employed by Ford, Bacon & Davis Construction Corporation.　Aetna Casualty and Surety Company was the compensation insurance carrier for Ford, Bacon & Davis, as well as the public liability carrier on a bus owned and used by Ford, Bacon & Davis, for the purpose of transporting employees to and from job sites.

On November 24, 1964, Bryan sustained injuries while in the course of his employment and while a passenger on his employer's bus, being driven at the time by a fellow-employee, Reid. Aetna immediately recognized and accepted the injuries as compensable under the compensation coverage and paid to Bryan $585.00 for 16 weeks and five days temporary total disability. Aetna also paid the medical bills in the amount of $501.96 and tendered to Bryan $1,190.00 in payment of 34 weeks permanent partial disability on a medical estimate of 7.5% loss of use of the body as a whole.

On May 28, 1966, Bryan refunded to Aetna the amount of $1,086.96 by cashier's check with a letter stating "I am making no claim for workmen's compensation benefits," and Bryan refused to accept the $1,190.00 tendered in payment of permanent partial disability. On January 24, 1966, Bryan filed suit for personal injuries in the Union County Circuit Court against his fellow-employee, Herman Reid, alleging that Reid's negligence in driving the bus owned by the appellee, Ford, Bacon & Davis, was the proximate cause of Bryan's injuries.

Reid filed no answer and on March 5, 1966, a default judgment in the amount of $75,000.00 in favor of Bryan and $10,000.00 in favor of Bryan's wife was rendered against Reid. The judgment against Reid was not paid so on June 3, 1966, Bryan filed suit against Aetna alleging that at the time of his injury Reid was driving the bus with the knowledge and consent of the owner and named insured, Ford, Bacon & Davis, and that Reid was an insured under the omnibus clause of the liability policy.

Both the U. S. District Court and the Eighth Circuit Court of Appeals held that Reid was not an insured under the liability policy because of a provision in the policy which provided that the insurance did not apply to any employee of the named insured with respect to injury to another employee of the same employer in-

jured in the course of such employment in an accident arising out of the maintenance or use of the vehicle in the business of such employer.

On September 12, 1967, Bryan filed claim with the Workmen's Compensation Commission for total and permanent disability and Ford, Bacon & Davis and Aetna pleaded the statute of limitations.

Arkansas Statutes Annotated § 81-1318 (a) (1) and subsection (b) (Repl. 1960) provides as follows:

> "A claim for compensation for disability on account of an injury ... shall be barred unless filed with the Commission within two [2] years from the date of the accident ...

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of accident, which ever is greater."

The referee and the full Commission allowed the claim and awarded to Bryan the temporary total compensation and medical payments previously paid and refunded by him. The referee and the Commission also awarded to Bryan a 25% permanent partial disability to the body as a whole, and awarded to Bryan's attorney the maximum attorney's fee on the amount controverted in excess of the 7½% originally tendered.

On appeal and cross-appeal to the Union County Circuit Court, the trial judge held that the claim was barred by the running of the statute of limitations, but that Bryan was still entitled to the uncontroverted amounts originally paid to and refunded by him. Bryan has appealed and Ford and Aetna have cross-appealed from the judgment of the trial court.

On direct appeal, the appellant relies on the following points:

"The Circuit Court erred when it found as a matter of law that the Statutes of Limitations barred the Appellant's Workmen's Compensation Claim.

The Workmen's Compensation Commission erred as a matter of law when it found that the claimant was not entitled to 65% of the difference between the weekly wages earned by him prior to November 24, 1964, and the weekly wages that he earned subsequent to November 24, 1964; and, the Workmen's Compensation Commission erred as did the Circuit Court when it found as a matter of fact that the claimant was not permanently and totally disabled within the meaning of the Arkansas Workmen's Compensation Act."

Since we agree with the trial court on the first point raised by the appellant, we do not reach appellant's second point.

On cross-appeal, the appellees designate the following points to be argued:

"The circuit court was correct in its finding that the statute of limitations barred appellant's workmen's compensation claim.

If it be found that the statute of limitations does not bar appellant's claim, the appellant is not entitled to permanent total disability benefits.

The circuit court erred in finding that the appellees should pay to the appellant any sum of money."

Since we agree with appellees' first point we do not reach the appellees' second point, but appellees' third point has given us considerable difficulty.

Judge Mayfield has favored us with a very thorough, written opinion in which he clearly analyzes the award of the Commission and the trial court made findings of fact and conclusions of law, in part as follows:

"... [T]he carrier resisted the claim on the basis that it was barred by the provisions of Section 18, (Ark. Stats. 81-1318) of the Workmen's Compensation Act.

Both the Referee and the full Commission rejected the carrier's contention and awarded claimant a permanent partial disability to the body as a whole of 25 per cent based on loss of earning capacity. The reasoning behind the holding that the claim was not barred comes from a construction placed upon Subsection (e) of Section 18 (Ark. Stats. 81-1318). This subsection provides:

'Whenever recovery in an action at law to recover damages for injury to or death of an employee is denied to any person on the ground that the employee and his employer were subject to the provisions of this act, the limitations prescribed in subsections (a) and (b) shall begin to run from the date of the termination of such action. In such event the employer or carrier shall be allowed a credit for actual cost of defending the action at law, not to exceed two hundred fifty dollars ($250), which shall be deducted from any compensation paid.'

Looking at 18 (e) we see that it requires: (1) an action at law to recover damages, (2) a denial of recovery and (3) that the denial be on the ground that the employee and his employer were subject to the Arkansas Workmen's Compensation Act. When these three requirements are met *then* the limitations in subsections (a) and (b) shall

begin to run from the date of the termination of the action at law.

Laying the facts of this case down beside these requirements we find that there was an action at law to recover damages, but that there was no denial of recovery. To the contrary the claimant recovered a judgment in the sum of $75,000.00. It is true that the claimant was not successful in his attempt to collect his judgment from the liability insurer, but Section 18 (e) does not even talk about collection of the judgment and certainly it does not provide that the time of limitation in which to make claim for compensation benefits begins to run from the date an action seeking to collect a judgment from an insurance company is unsuccessfully terminated. .

In fact, Section 18 (e) is not even dealing with a situation against a third party such as we have here. The last sentence of Section 18 (e) provides for the employer or his carrier to be allowed a credit for the actual cost, not to exceed $250.00 of [sic] defending the action at law. Obviously the legislature was not thinking about a suit against a third party, but was thinking about situations where the employer would successfully defend that action on the ground that the employer and his employees were subject to the Workmen's Compensation Act.

In addition to the above, the facts here are that the action at law to collect the judgment from the liability insurer was unsuccessful not because the claimant and his employer were subject to the Workmen's Compensation Act, but because of a provision in the liability policy that provided that it did not cover the liability of an employee with respect to an injury to a co-employee in the course of employment and in an accident arising out of the maintenance or use of the insured vehicle in the business of such employer.

\*   \*   \*

The referee cited the case of *Aetna Casualty & Surety Co.* v. *Jordan,* 234 Ark. 339, 352 S.W. (2) 75, in his opinion, but that case does not seem to support his construction of Section 18 (e) as applied to the facts in this case. There the claimant attempted to recover Workmen's compensation benefits in Louisiana for injuries sustained in Arkansas. The Louisiana Court held that the Arkansas Workmen's Compensation Commission had exclusive jurisdiction of the matter and dismissed his Louisiana action. The claimant then filed claim in Arkansas and it was held that the time limitations in Section 18 did not start to run until the termination of his action in Louisiana.

. . . "[T]he claim made in Louisiana was against the employer and not some third party and no recovery was allowed because the claimant and his employer were subject to the Arkansas Workmen's Compensation Act . . . "

We find no difficulty at all in affirming the trial court in holding that the statutory period had run for the filing of claims when the claim was filed in this case. Appellees' third point and the trial court's treatment of it have given us some difficulty, but we conclude that the trial court reached the proper results. The trial court's reasoning on this point is set out in his opinion as follows:

"Having concluded that the construction placed on Section 18 (e) was incorrect still, in the Court's opinion, the claimant is entitled to be paid the $1190.00 which was tendered to him for permanent partial disability resulting from the 7½ per cent loss of use of the body as a whole. And the Court also thinks that the claimant is entitled to a refund of the $1086.96 which he returned to the carrier for the hospital and medical benefits

paid for his behalf and for the sixteen weeks and five days temporary total disability paid to him.

It was found by both the Referee and the full Commission that the above amounts are not controverted by the carrier and that the only things controverted is the claim for permanent disability above the 7½ per cent. It is not clear whether this is based on what was thought to be the carrier's contentions at the hearings or whether it is based on the carrier's voluntary action in paying and tendering these amounts.

It is clear that the carrier contended that the claimant had waived his right to recover anything above the permanent partial disability of 7½ per cent to the body as a whole. On the waiver matter the Commission relied on Section 20 (a) (Ark. Stats. 81-1320 (a)) and Section 40 (a) (2) (Ark. Stats. 81-1340 (a) (2)) of the Act and held that a claimant cannot, as a matter of law, waive his rights to compensation benefits. * * *

But if there is any question about waiver of the claimant's right to be paid the $1190.00 for the 7½ per cent permanent partial disability or to have refunded to him the $1086.96 which he returned for hospital, medical and temporary total disability benefits paid, the question of waiver as to those benefits must be determined. This is true because these benefits could not be barred by Section 18 of the Act. These benefits were paid or tendered by the carrier without any claim being filed with the Commission and the question is, to whom does this money now belong?

The answer must be that this money still belongs to the claimant. It is beyond question that the only reason the claimant returned and refused the amounts paid and tendered was because he wanted to collect his judgment against his co-em-

ployee from the liability insurer. It would not do, he thought, to claim that he was not injured in the course of his employment while retaining workmen's compensation benefits paid to him and for him. It would have been equally incongruous for the carrier, which just happened to also be the liability insurer, to accept the return of the compensation benefits and still say that the claimant was in the course of his employment at the time he was injured.

So the claimant tried to return the benefits paid and tried to refuse the benefits tendered but the carrier did not really accept the return and in the Final Report and Settlement Receipt which is in the Record the carrier states that the check refused by the claimant 'will be paid on demand.'

The truth of the matter is that these benefits were, in effect, laid aside by both employee and employer while they awaited the outcome of the suit against the liability insurer. That suit has now been concluded and the money which was 'laid aside' belongs to the claimant and should be turned over to him.

So rather than rest our determination on the Commission's finding that, as a matter of law, these benefits could not be waived we prefer to affirm the Commission on this point for the reason that there is no evidence in the Record to support a finding of waiver of these benefits already paid or tendered.''

The trial court then held:

'' . . . [T]he order or award of the Commission is modified to provide that the carrier is ordered to pay to the claimant the sums of $1086.96 and $1190.00, or a total of $2,276.96, with no credit allowed the carrier against this total and with no

attorney's fee to be paid to claimant or his attorney by the carrier.

Any order or award of the Commission contrary to that above provided is reversed and set aside and so far as the same conforms to what is above provided it is affirmed.''

This is the first instance we have encountered under our Workmen's Compensation Law where a claimant has attempted to avoid receipt of compensation benefits. Of course, an employee is unable to take his employment from under the provisions of the Workmen's Compensation Act by entering into an agreement waiving his rights to compensation under the Act, but there is no provision in the Workmen's Compensation Law that will force an injured employee to accept or keep compensation benefits to which he is entitled after they are paid or tendered to him.

Arkansas Statutes Annotated § 81-1320 (a) (Repl. 1960) provides as follows:

"No agreement by an employee to waive his right to compensation shall be valid, and no contract, regulation, or device whatsoever, shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this act [§§ 81-1301 — 81-1349], except as specifically provided elsewhere in this act.''

We are of the opinion that this section has no application to the facts in the case at bar. This section was intended to protect employees against the archaic procedure so prevalent in the early history of Workmen's Compensation Law, when unscrupulous employers were able to avoid compensation liability by the simple device and procedure of having the employee sign a contract waiving all rights to compensation in consideration of being employed. See *Griffiths* v. *Earl of Dudley,* 9 Q.B.D. 357 (1882).

The real question on this point in the case at bar, is what part, if any, of the original amounts paid and tendered to the appellant, but refunded and refused by him, is covered under, and dependent upon, the untimely claim filed by the appellant. The claim as filed by the appellant did include these amounts, so the question boils down to whether it was necessary that a claim be timely filed with the Commission in order to recover these amounts. Certainly no equitable principle would cast such penalty on the appellant for his error in the law, but statutes of limitations present questions of law and not of equity.

Arkansas Statutes Annotated § 81-1319 (Hepl. 1960) provides as follows:

"Compensation shall be paid directly to the person entitled thereto without an award, except in those cases where liability has been controverted by the employer. * * * "

Subsequent sections of the statute direct when the payments are to be made by the employer and provide penalties for noncompliance. The appellees did not controvert appellant's right to compensation in this case. On the contrary, they recognized appellant's injuries as compensable and accepted their responsibility in connection therewith. They made weekly payments of compensation to the appellant as the payments became due. The appellant was paid and accepted all he was entitled to and all that the appellees owed for temporary partial disability suffered by the appellant. The appellees also furnished and paid for all the hospital and medical services to which the appellant was entitled and for which the appellees were obligated and liable. The appellant simply returned this amount to the appellee insurance carrier who makes no claim to its ownership, but who only contends that repayment is barred by the statute of limitations for filing claims.

The statute of limitations as set out in the act, Ark. Stat. Ann. § 81-1318 (a) (1) and (b), supra, was designed

and intended to bar late claims for compensation for disability on account of injury and was not designed or intended to bar an employee's right to recover money paid to him in compensation and paid by him to someone who has no legal right to accept or retainit. So we conclude that the trial court was correct in holding that the appellant is entitled to a return of the temporary total compensation and medical payments he paid to the appellee.

Arkansas Statutes Annotated § 81-1319 (h) (Repl. 1960) provides as follows:

"Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the Commission a notice, in accordance with a form prescribed by the Commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid. If the employer fails so to notify the Commission within such time, the Commission may assess against such employer a civil penalty in an amount not exceeding one hundred ($100.00) dollars, but no penalty shall be assessed without notice to the employer, giving him an opportunity to be heard."

Upon payment of compensation for the 7½% permanent partial disability, the appellees furnished this notice of final payment on form A-11 prescribed by the Commission. On the bottom portion of this form is a portion designated "final receipt" intended for the appellant's signature acknowledging the receipt of payment. This receipt form was unsigned by the appellant but was filed with the Commission bearing the notation "check for PPD not accepted. Will be paid on demand." So we conclude that the trial court was correct in holding that the appellant is entitled to this amount also.

We conclude that the Commission was substantially correct in its statement that "when a claimant erroneously brings an action in law against his employer, the statute for the filing of claims is tolled until the termination of the action of law." Indeed it would appear that the action at law would of necessity be against an employer before recovery could be denied "on the ground that the employee and his employer were subject to the provision of this act" as provided in § 18 (e), supra.

We conclude, however, that the Commission must have considered the action to recover damages in the case at bar was either brought against the employer, or that recovery was denied on the ground that the employee and his employer were subject to the provisions of the Workmen's Compensation Act. In this, we conclude, the Commission erred.

The practical question is not whether the appellant is entitled to the workmen's compensation benefits originally paid by the appellees, the appellees having admitted that the appellant was so entitled when the benefits were paid without controversion, without award and without the necessity of filing a claim. The practical question is whether the appellees are entitled to keep the benefits returned to them by the appellant. The appellant is not required to file a claim with the Commission for compensation benefits already paid to and received by him, and the jurisdiction of the Commission to order a return or repayment of compensation benefits, once paid to a claimant and then voluntarily returned by him to the compensation insurance carrier, is not questioned in this case.

The judgment is affirmed.