Wanda GUTHRIE v. TYSON FOODS, INC.

CA 86-238                                            724 S.W.2d 187

Court of Appeals of Arkansas
Division I
Opinion delivered February 18, 1987

*William A. Storey*, for appellant.

*Bassett Law Firm*, by: *William Robert Still, Jr.*, for appellee.

JAMES R. COOPER, Judge. The appellant in this Workers' Compensation case, Wanda Guthrie, was injured at her workplace on July 7, 1982. More than two years later, on August 6, 1984, the appellant filed a tort action against her employer, which was dismissed on the grounds that the appellant's exclusive remedy was under the Workers' Compensation Act. On March 25, 1985, the appellant filed her notice of a Workers' Compensation claim against the employer. The administrative law judge ruled that the appellant's claim was barred by the two-year statute of limitations set out in Ark. Stat. Ann. § 81-1318(a)(1) (Supp. 1985). The Workers' Compensation Commission essentially adopted the decision of the administrative law judge in an opinion dated April 15, 1986, and therefore dismissed her claim. From that decision, comes this appeal.

For reversal, the appellant argues that Ark. Stat. Ann. § 81-1318(e) (Repl. 1976), controls and prevents her claim from being barred by the two-year limitation period prescribed in § 81-1318(a)(1). Because we find this argument to be persuasive, we do not address the appellant's argument that Tyson was estopped to rely on the limitations defense.

Arkansas Statutes Annotated § 81-1318(a)(1) (Supp. 1985) provides that:

> A claim for compensation for disability on account of an injury (other than an occupational disease and occupa-

tional infection) shall be barred unless filed with the Commission within two (2) years from the date of the injury.

Although the appellant did not file her claim within two years from the date of her injury, she contends that her claim was nevertheless timely filed under Ark. Stat. Ann. § 81-1318(e) (Repl. 1976), which states that:

> *Whenever* recovery in an action at law to recover damages for injury to or death of an employee is denied to any person on the ground that the employee and his employer were subject to the provisions of this Act [§§ 81-1301—81-1349], the limitations prescribed in subsections (a) and (b) shall begin to run from the date of the termination of such action.

(Emphasis supplied). The question, then, is whether the action at law for damages referred to in § 81-1318(e) must itself be filed within the two-year limitation period for filing compensation claims set out in § 81-1318(a)(1) in order to give effect to the tolling provision in § 81-1318(e).

As a prerequisite for the tolling of the statute of limitations, paragraph (e) requires (1) an action at law for damages; (2) denial of recovery; and (3) that recovery be denied on the ground that the employer and employee were subject to the Workers' Compensation Act. *Bryan* v. *Ford, Bacon & Davis*, 246 Ark. 327, 438 S.W.2d 472 (1969). That the action for damages must be filed within the two-year period prescribed by § 81-1318(a)(1) cannot be inferred from the language of paragraph (e). Instead, that paragraph clearly states that *whenever* an action at law for damages is terminated on the ground that the parties were subject to the Workers' Compensation Act, the two-year period in paragraph (a)(1) begins to run only upon termination of that action. Because the Workers' Compensation Act is highly remedial, it is entitled to a liberal construction. *Hart's Exxon Service Station* v. *Prater*, 268 Ark. 961, 597 S.W.2d 130 (Ark. App. 1980). Moreover, in keeping with the policy of resolving doubtful cases in favor of the claimant, where there is substantial doubt concerning which statute of limitations is applicable in Workers' Compensation cases, the rule is that the longer statute of limitations is to be preferred and adopted.

*Reynolds Metal Co.* v. *Brumley*, 226 Ark. 388, 290 S.W.2d 211 (1956). We therefore hold that an action at law for damages need not be filed within the period prescribed by Ark. Stat. Ann. § 81-1318(a)(1) in order to give effect to the tolling provision in Ark. Stat. Ann. § 81-1318(e).

We reverse and remand for further proceedings consistent with this opinion.

CRACRAFT and MAYFIELD, JJ., agree.