David HANEY *v.* YOUNG SALES CORPORATION and
LIBERTY MUTUAL INSURANCE COMPANY

CA 87-162                                    737 S.W.2d 669

Court of Appeals of Arkansas
Division II
Opinion delivered October 21, 1987

*Richard S. Paden*, for appellant.

*Penix Law Firm*, for appellee.

GEORGE K. CRACRAFT, Judge. David Haney appeals from an order of the Arkansas Workers' Compensation Commission dismissing his claim for permanent-total disability benefits against his employer, Young Sales Corporation, on grounds that the claim was barred by the statute of limitations. Appellant advances several points in support of his appeal in which we find no merit, but which we address separately and in the order presented.

The appellant, an Arkansas resident hired in Arkansas by a Missouri corporation, was injured on February 3, 1981, while working for his employer in the State of Tennessee. The employer paid all of his medical expenses and temporary-total disability benefits through the end of his healing period on November 8, 1982. On that date it also paid him in one lump sum an amount equal to the benefits for permanent-partial disability of ten-percent to the body as a whole. No compensation or other benefits have been paid to the appellant since that date.

During this period, the employer and carrier were cooperat-

ing with the appellant and his attorney in pursuit of a products liability claim against a third party. The third party was subsequently adjudged bankrupt, and on September 19, 1983, the appellant filed his claim for additional compensation benefits before the Division of Workmen's Compensation of the Department of Labor and Industrial Relations for the State of Missouri. That agency found that jurisdiction of appellant's claim lay exclusively with the Arkansas Workers' Compensation Commission and dismissed appellant's claim on August 27, 1984. Appellant filed a claim for benefits with the Arkansas Workers' Compensation on June 1, 1985, a date more than four years after the injury. It was conceded that this claim would be barred under the provisions of Ark. Stat. Ann. § 81-1318(b) (Repl. 1976) unless some event had in the meantime tolled the period of limitations in appellant's favor. The Commission held that the claim was barred under that section and this appeal followed.

Appellant first argues that the period of limitations was tolled by the filing of the claim in Missouri under Ark. Stat. Ann. § 81-1318(e) (Repl. 1976), which provides in pertinent part as follows:

> (e) Effect of suit. Whenever recovery in an action at law to recover damages for injury to or death of an employee is denied to any person on the ground that the employee and his employer were subject to the provisions of this act [§§ 81-1301—81-1349], the limitations described in subsections (a) and (b) shall begin to run from the date of the termination of such action.

We cannot agree that the filing of the claim before the Missouri Division of Workmen's Compensation would make this section applicable. Actions at law to recover damages for injury are entirely different from claims for compensation on account of disability. Actions at law for damages are brought in constitutional courts having jurisdiction over torts. Claims for compensation for disability are determined by administrative agencies created for that purpose. The distinction between the two and the differences between our Workers' Compensation Commission and our courts of law have been recognized on many occasions. *See e.g., Ward School Bus Manufacturing, Inc.* v. *Fowler*, 261 Ark. 100, 547 S.W.2d 394 (1977); *Owens* v. *Bill & Tony's Liquor*

*Store*, 258 Ark. 887, 529 S.W.2d 354 (1975); *Petit Jean Air Service* v. *Wilson*, 251 Ark. 871, 475 S.W.2d 531 (1972); *Bryan* v. *Ford, Bacon and Davis*, 246 Ark. 327, 438 S.W.2d 472 (1969); *David* v. *Arkansas Best Freight System, Inc.*, 239 Ark. 632, 393 S.W.2d 337 (1965); *Andrews* v. *Gross and Janes Tie Co.*, 214 Ark. 210, 216 S.W.2d 386 (1949).

Section 81-1318(e) was not intended to apply to claims for statutory benefits for industrial injuries filed before the workers' compensation agencies of sister states but was designed to allow an extension of the period of limitations for the filing of claims by those who mistakenly pursued tort claims against their employers, when in fact the exclusive remedies afforded for their injuries were under the Workers' Compensation Act. As a prerequisite to the tolling of the statute under that section, our courts have held that paragraph (e) requires (1) an action at law for damages; (2) denial of recovery; and (3) that recovery be denied on the ground that the employer and employee were subject to the Workers' Compensation Act. *Bryan* v. *Ford, Bacon and Davis*, 246 Ark. 327, 438 S.W.2d 472 (1969); *Guthrie* v. *Tyson Foods, Inc.*, 20 Ark. App. 69, 724 S.W.2d 187 (1987).

The appellant argues that this case is controlled by the decision in *Aetna Casualty & Surety Co.* v. *Jordan*, 234 Ark. 339, 352 S.W.2d 75 (1961). We do not agree. We can only conclude that *Jordan* is, and certainly ought to be, limited to its peculiar facts. The court in *Jordan* placed great emphasis on the fact that, under Louisiana law, compensation cases are initiated in its courts of law and that such an action is one to recover money for injuries sustained by a claimant. In Missouri, claims for industrial injuries are processed through the Division of Workmen's Compensation, which is not a court but a mere administrative agency. The courts of Missouri have so declared. *See Bliss* v. *Lungstras Dying and Cleaning Co.*, 130 S.W.2d 198 (Mo. App. 1939). Section 81-1318(e), therefore, is not applicable. As more than two years had elapsed from the date of the injury to the date of filing a claim before our Commission, we conclude that the Commission's ruling on this point was a correct one.

Appellant next contends that the statute was tolled under the rule announced in *Houston Contracting Co.* v. *Young*, 267 Ark. 322, 590 S.W.2d 653 (1979), *appeal after remand*, 270

Ark. 1009, 607 S.W.2d 83 (Ark. App. 1980). These decisions hold that the period of limitations prescribed in § 81-1318(b) is tolled where a person hired in Arkansas receives benefits under the law of another state where he is injured but does not actively initiate the proceedings and remains unaware of the source of the payments. Here, the Commission found on conflicting evidence that appellant was aware of the source of the Tennessee payments received. More important, however, is the fact that more than two years had elapsed between the date of the last payment in Tennessee and the filing of the claim in Arkansas. Even if appellant was entitled to the benefit of the *Houston* rule, the period of limitations had run against his claim in this state.

■ The appellant also argues that the employer should be estopped from pleading the limitations of § 81-1318(b) because it misrepresented to the appellant that the claim should be filed in Missouri and thereby induced him to allow the statute of limitations to run against him in Arkansas. We find no merit in this contention for two reasons. First, the action in Missouri was filed on September 19, 1983, a date more than two years after the date of the accident. It could not at that time have been maintained in Arkansas. Secondly, the witness on which the parties relied to establish the misleading statements that the hiring took place in Missouri was Carl Haney, brother of the appellant. There was no evidence that any action of Carl Haney was intended to mislead his brother or gain any advantage over him. The Commission expressly found the decision to file in Missouri to have been based upon inadequate discovery procedures and not upon any misrepresentation on the part of the employer. We cannot conclude that this finding is not supported by substantial evidence.

The Commission additionally found that, even if the matter had not been barred by the statute of limitations, the appellant had failed in his burden of proving entitlement to an award of permanent and total disability. The appellant contends that the Commission erred in that finding. In view of our conclusion that the claim was barred by limitations, we do not address the issue of the sufficiency of the evidence to support an award.

Affirmed.

COOPER and MAYFIELD, JJ., agree.