James T. PLUNKETT v. ST. FRANCIS VALLEY LUMBER COMPANY

CA 88-51 755 S.W.2d 240

Court of Appeals of Arkansas
Division I
Opinion delivered August 24, 1988

196

*Kelley Webb*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, by: *Lucinda McDaniel*, for appellee.

JAMES R. COOPER, Judge. In this appeal from the Workers' Compensation Commission the only issue is whether the Commission was correct in holding that the appellant's claim is barred by the statute of limitations. We affirm.

The appellant was injured on July 11, 1979, when a ladder on which he was standing came into contact with a power line. On June 3, 1981, the appellant filed a civil suit in the circuit court of Poinsett County against the appellant, Arkansas Power and Light, and E. Ritter Company. On April 11, 1983, the trial court granted the appellee's request for a directed verdict, finding that there was no negligence on the part of the appellee. The appellant then filed a claim with the Workers' Compensation Commission on August 8, 1984. The administrative law judge found that the appellant's claim was barred by the statute of limitations and this finding was adopted by the Commission. The appellant contends that the statute of limitations on workers' compensation claims was tolled by the filing of his civil suit which was subsequently

dismissed.

 Arkansas Statutes Annotated § 81-1318(a) (Supp. 1985) [Ark. Code Ann. § 11-9-702(a)(1) (1987)] provides that a claim of compensation shall be barred unless filed with the Commission within two years from the date of injury. However, according to Ark. Stat. Ann. § 81-1318(e) (Repl 1972) [Ark. Code Ann. § 11-9-702(e) (1987)], the limitation period in § 81-1318 may be tolled:

> Whenever recovery in an action at law to recover damages for injury to or death of an employee is denied to any person on the ground that the employee and his employer were subject to the provisions of the Act [§§ 81-1301—81-1349], the limitations prescribed in subsections (a) and (b) shall begin to run from the termination of such action.

It is clear that in order to toll the statute section (e) requires (1) an action at law for damages; (2) denial of recovery; and (3) that recovery be denied on the ground that the employer and employee were subject to the Act. *Bryan* v. *Ford, Bacon & Davis*, 246 Ark. 327, 438 S.W.2d 472 (1969); *Guthrie* v. *Tyson Foods, Inc.*, 20 Ark. App. 69, 724 S.W.2d 187 (1987). In the present case, the appellant has not met the third requirement for tolling the statute. The trial court did not dismiss the appellant's civil suit because the claim was subject to the Workers' Compensation Act, but because there was no evidence of negligence on the part of the employer. The burden of filing a claim within the statute of limitations is on the claimant. *St. John* v. *Arkansas Lime Co.*, 8 Ark. App. 278, 651 S.W.2d 104 (1983). The court cannot extend the period of the statute of limitations on appeal, despite the fact that the claim may be meritorious. *Miller* v. *Everett*, 252 Ark. 824, 481 S.W.2d 335 (1972). Any statute of limitations will eventually operate to bar a remedy and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively with the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of the legislative judgment. *Hamilton* v. *Jeffrey Stone Co.*, 25 Ark. App. 66, 752 S.W.2d 288 (1988).

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.