Tammi J. BACON, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. 71604.

Missouri Court of Appeals,
Eastern District,
Division One.

July 15, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Jefferson City, for appellant.

Leroy M. Steiner, St. Louis, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

The Director of Revenue ("Director") appeals from the trial court's order rescinding the suspension of Tammi J. Bacon's ("Licensee") driving privileges and expunging her record relating to the suspension. We reverse and remand with directions to dismiss Licensee's petition.

Shortly before 1:00 a.m. on February 10, 1995, an Owensville police officer ("Officer") observed a vehicle traveling westbound on Highway 28 at a high rate of speed. Before Officer caught up to the vehicle, it was involved in a one-car accident in which it overturned and ended upside-down facing east.

When Officer arrived on the scene, Licensee was inside the vehicle, while another person, Ronald Groff, was partially ejected from the vehicle and pinned beneath it. After Licensee crawled from the vehicle, Officer smelled an odor of an intoxicating beverage on her breath. Licensee told Officer that she had been drinking and that she had been driving the vehicle. Consequently, Officer placed her under arrest for driving while intoxicated. He transported her to the police station where a breathalyzer test was administered, revealing a blood alcohol content (BAC) of .16%. Licensee was issued tickets for driving while intoxicated, careless driving, and speeding. Licensee's driving privileges were suspended on February 25, 1995, pursuant to Sections 302.500–302.541, RSMo 1994.[1]

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

■ Following Licensee's arrest, Mr. Groff entered the police station and stated that he was the driver of the vehicle, not Licensee. Thereafter, Mr. Groff was charged with careless driving for the same incident identified in the Licensee's charges. Consequently, the original charges against Licensee were dismissed. The charges, however, were apparently not removed from Licensee's driving record.[2]

On October 21, 1995, Licensee was arrested again for driving while intoxicated. After an administrative hearing, held on February 8, 1996, the Director revoked Licensee's driving privileges. Licensee received notification on March 5, 1996.

On April 1, 1996, Licensee filed a "Petition for Order to Set Aside Revocation of Driving Privileges and for Order of Expungement of Certain Records Due to Error in Records," claiming that she was not the driver of the vehicle on February 10, 1995. She requested that the one-year revocation from her second arrest be set aside and the arrest and suspension in connection with the February 10, incident be expunged.

On April 8, 1996, Director filed a Motion to Dismiss for Lack of Jurisdiction, asserting that Licensee's petition was untimely pursuant to Section 302.530. On October 22, 1996, the court issued a judgment rescinding the suspension from the first arrest and expunging Licensee's records relating to that suspension.

In her sole point, Director alleges the court erred in reinstating Licensee's driving privileges because it lacked subject matter jurisdiction. Specifically, she claims that because Licensee failed to exhaust her administrative remedies and failed to timely file her petition, the court lacked jurisdiction. We agree.

■ A failure to follow the statutory requirement to timely file for obtaining judicial review of a driving privilege suspension, results in the circuit court's lack of subject matter jurisdiction. *Marquart v. Director of Revenue*, 896 S.W.2d 716, 717 (Mo.App. E.D.

1995). Specifically, this principle has been applied to petitions seeking to challenge "administrative DWI" actions filed pursuant to Section 302.530.6, RSMo Supp.1995. *Danner v. Director of Revenue*, 919 S.W.2d 285, 287 (Mo.App. W.D.1996).

■ Subject matter jurisdiction cannot be conferred by estoppel or consent, and the lack thereof cannot be waived. *Pelloquin v. Director of Revenue*, 894 S.W.2d 235, 236 (Mo.App. E.D.1995). When a court lacks subject matter jurisdiction, it cannot take any other action besides its inherent power to dismiss. *Id.* Furthermore, any action taken by a court lacking subject matter jurisdiction is null and void. *Heinle v. K & R Express Systems, Inc.*, 923 S.W.2d 461, 464 (Mo.App. E.D.1996).

■ In the instant case, Licensee neither exhausted her administrative remedies, nor timely filed a petition for trial de novo with regard to her first arrest. Director issued her decision revoking Licensee's privileges on March 5, 1996, for the Licensee's second arrest. The Director's decision to revoke an individual's driving privileges becomes final fifteen days after notification by certified mail, unless the person files an appeal for judicial review. Section 302.530.3. Licensee's petition, however, was not filed until April 1, 1996, twenty-six days after suspension notification was mailed, or eleven days after the revocation became final. As such, the court below did not have subject matter jurisdiction over Licensee's petition.

Therefore, we reverse and remand with directions to dismiss the petition.

---

2. Administrative action to suspend a license is unaffected by the disposition of the underlying criminal case. *Pagano v. Director of Revenue,* 927 S.W.2d 948, 950–951 (Mo.App. E.D.1996); Section 302.530.3.