**Orville OBERREITER, Deceased, Employee, and Cheryl Oberreiter, et al., Dependents, Appellants,**

v.

**FULLBRIGHT TRUCKING, Employer, Respondent, and Treasurer of the State of Missouri As Custodian of the Second Injury Fund, Respondent.**

No. 74914.

Missouri Court of Appeals, Eastern District, Division Two.

May 4, 1999.

Robert H. Sihnhold, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, John K. Ottenad, Assistant Attorney General, Cape Girardeau, for respondent Second Injury Fund.

## OPINION

JAMES R. DOWD, Presiding Judge.

This is an appeal from the decision of the Labor and Industrial Relations Commission ("Commission") denying compensation from the employer and the Second Injury Fund. We dismiss the appeal.

Orville Oberreiter was killed in a trucking accident on September 22, 1987. On March 4, 1989, Cheryl Oberreiter, his wife, filed a wrongful death action in the circuit court against Willard Fullbright and Rose Mary Fullbright doing business as Fullbright Trucking Company. Ms. Oberreiter alleged that her husband was an employee of the Fullbright Trucking Company and that Fullbright Trucking Company furnished defective equipment to her husband that caused his death. This case is still pending.

In October of 1993, Ms. Oberreiter [1] filed a death claim for compensation under the Missouri Workers' Compensation Act. The Administrative Law Judge ("ALJ") made findings of fact on the merits of the claim and concluded that the claim for compensation was barred by the statute of limitations. The Commission affirmed the ALJ's ruling that the claim was barred by the statute of limitations. The Commission, however, found that the ALJ did not have subject matter jurisdiction to make any findings as to the merits of the claim. Ms. Oberreiter appeals.

---

1. Shaun Oberreiter and Missy Oberreiter, decedent's children, are also dependents in this action.

■ Ms. Oberreiter raises only one issue on appeal. Ms. Oberreiter contends that the Commission erred in finding that her claim for compensation is barred by the statute of limitations. Ms. Oberreiter argues that the Commission misinterpreted section 287.440 RSMo 1986[2] because that section suspends the running of the statute of limitations while an inconsistent cause of action arising from the same event is still pending. We disagree.

Section 287.430 provides that a claim of compensation shall be barred unless filed within two years after the date of death, unless a report of injury was not timely filed by the employer, in which case, the claim could be filed three years after the date of death. However, section 287.440 provides that the limitation period may be tolled:

> Where recovery is denied to any person in a suit brought at law or in admiralty to recover damages in respect of bodily injury or death on the ground that the person was an employee and the defendant was an employer subject to and within the meaning of this chapter, or when recovery is denied to any person in an action brought under the provisions of a workers' compensation law of any other state or jurisdiction on the ground that the person was an employee under and subject to the provisions of this chapter, the limitation of time prescribed in section 287.430 shall begin to run from the date of the ultimate termination or abandonment of such suit or compensation proceeding, when such suit or compensation proceedings are filed within two years after the filing by the employer of the report of injury or death complained of, or in case payments have been made on account of the injury or death, within two years from the date of the last payment.

■ To toll the statute of limitation section 287.440 requires (1) an action at law for damages, (2) denial of recovery, and (3) that recovery is denied because the person is an employee and the defendant is an employer subject to the Workers' Compensation Act. Cf. *Plunkett v. St. Francis Valley Lumber Co.*, 25 Ark.App. 195, 755 S.W.2d 240, 241 (1988).

Here, there exists an action at law for damages in a court of general jurisdiction, but there has been no denial of recovery for any reason. Accordingly, the Commission concluded that Ms. Oberreiter's claim for compensation is barred at this time. If and when these additional requirements are met, then the Commission may address the applicability of the tolling provision. Until then, the tolling provision cannot be applied.

■ The Commission's denial of compensation, however, is not a final award because the Commission expressly left open the possibility that it may address the claim if and when the requirements of section 287.440 are met. Accordingly, this court does not have jurisdiction, and therefore, the appeal is dismissed.

LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J., concur.

---

2. All statutory references are to RSMo 1986 unless otherwise indicated.