Orville OBERREITER, Employee,
and Cheryl Oberreiter, et. al,
Dependents, Appellants,

v.

FULLBRIGHT TRUCKING, Employer,
and Treasurer of the State of Missouri, Custodian of the Second Injury
Fund, Respondents.

No. ED 76615.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 11, 2000.

Robert H. Sihnhold, St. Louis, for appellant.

Karla O. Boresi, St. Louis, for respondent Treasurer.

John Malec, St. Louis, for respondent Fullbright.

ROBERT E. CRIST, Senior Judge.

This is the second appeal in this workers' compensation case. Appellants now appeal the decision of the Labor and Industrial Relations Commission (Commission) to dismiss their claim for compensation without prejudice. We dismiss the appeal.

On October 20, 1993, the widow of Orville Oberreiter and their children (Claimants) filed a death claim for workers' compensation benefits in addition to her pending wrongful death action against Fullbright Trucking (Employer) in circuit court. Orville Oberreiter died in a tractor trailer accident on September 22, 1987.

On October 6, 1997, after a hearing, the Administrative Law Judge (ALJ) made findings of fact on the merits as well as concluding their claim was barred by the statute of limitations. The Commission affirmed the ALJ's ruling that the claim was barred by the statute of limitations, but found the ALJ did not have subject matter jurisdiction to make any findings on the merits. On August 31, 1998, Claimants appealed to this court, arguing the Commission erred in finding their claim was barred by the statute of limitations, because section 287.440, RSMo 1986, suspended the running of the statute of limitations while their civil suit was pending against Employer.

In *Oberreiter v. Fullbright Trucking,* 991 S.W.2d 721, 723 (Mo.App. E.D.1999), we noted that section 287.440 would toll the three-year statute of limitations only if Claimants had an action at law for damages and there was a denial of that recovery because the person was an employee and defendant was an employer subject to the Workers' Compensation Act. We further noted that, at that time, there had been no denial of recovery and thus, the Commission had properly concluded Claimants' claim was barred. *Id.* We concluded: "If and when these additional requirements are met, then the Commission may address the applicability of the tolling provision. Until then, the tolling provision cannot be applied." *Id.* However, we found this Court did not have jurisdiction to consider the Commission's denial of compensation as it was not a final award "because the Commission expressly left open the possibility that it may address the claim if and when the requirements of section 287.440 are met." *Id.*

After the issuance of the mandate in the case, it returned to the Commission. On July 14, 1999, the Commission issued an "Order of Dismissal Without Prejudice." In its order, the Commission stated:

The court affirmed the Commission's determination that the claim is barred by § 287.430 RSMo at this time, but that the statute of limitations may be tolled under § 287.440 RSMo, if and when the provisions of § 287.440 RSMo are met. A wrongful death action is pending in the Circuit Court of Jefferson County. Unless the circuit court dismisses dependents' wrongful death suit for the specific reasons given in § 287.440 RSMo, the Commission does not have subject matter jurisdiction over the claim. We dismiss the claim without prejudice. The claim may be properly filed at a later time with the Division of Workers' Compensation pursuant to § 287.440 RSMo, if the requirements of that section are met.

■ Claimants now appeal from this order, arguing that the Commission erred in issuing the "Order of Dismissal Without Prejudice" because it exceeds their authority and renders their "temporary" award denying compensation a final award, which could ultimately bar the refiling of another claim in the future. In response, the Sec-

ond Injury Fund contends the Commission took the only action it could because it still lacked jurisdiction to consider the claim.

This case presents an anomalous situation. Here, Claimants' claim is clearly barred by the statute of limitations as set forth in section 287.430. However, in this case, section 287.440 provides the future possibility that Claimants' claim may be "resurrected" and Claimant may come within the statute of limitations. To deal with this anomaly, the Commission chose to dismiss Claimants' claim without prejudice, an act that is not specifically authorized by the statutes or regulations governing workers' compensation. Moreover, if the Commission can dismiss the claim without prejudice, then this Court is without jurisdiction to entertain this appeal because there is no final award as required by section 287.495.

■ An administrative tribunal is a creature of statute and exercises only that authority invested by legislative enactment. *Farmer v. Barlow Truck Lines, Inc.*, 979 S.W.2d 169, 170 (Mo. banc 1998). The Workers' Compensation Act provides only one statute concerning dismissal of claims. Pursuant to section 287.655, RSMo 1986, "[a]ny claim before the division may be dismissed for failure to prosecute...." If dismissed for failure to prosecute, the order is considered a final award for purposes of appeal. Section 287.655. The current regulations also provide that a claim may be "voluntarily dismissed with or without prejudice at any time prior to the introduction of evidence at a hearing. The claim for compensation may be refiled by claimant so long as the statute of limitations has not run." 8 CSR 50–2.010(12)(A). Our research reveals no other specific provisions concerning dismissals in the Division of Workers' Compensation, particularly no specific provisions concerning dismissals without prejudice.

■ Even so, we must find that under the circumstances presented, the Commission had inherent authority to dismiss Claimants' claim without prejudice, thus allowing Claimants the opportunity to refile their claim in the future if they satisfy the requirements of section 287.440. The Commission does not have jurisdiction, at this time, to entertain Claimants' claim, because it is barred by the statute of limitations. When a court lacks subject matter jurisdiction, it cannot take any other action except its inherent power to dismiss. *State ex rel. Director of Revenue v. Rauch*, 971 S.W.2d 350, 353 (Mo.App. E.D.1998). Moreover, any action a court takes without jurisdiction is null and void. *Bacon v. Director of Revenue*, 948 S.W.2d 266, 267 (Mo.App. E.D.1997).

■ However, in this unusual circumstance, the Division may have jurisdiction over the claim in the future. Therefore, at this time, the only probable course of action is to dismiss the claim without prejudice. Although the power to dismiss a claim without prejudice is not explicitly conferred on the Commission specifically by statute, we find such a power to be inherent in the very nature of its function and implied in the statutes and regulations. *See, Fisher v. City of Independence*, 370 S.W.2d 310, 316 (Mo. banc 1963) (Commission has inherent power to enter an order vacating an award prior to expiration of appeal period); *State ex rel. River Cement Co. v. Pepple*, 585 S.W.2d 122, 125 (Mo.App. E.D.1979) (power to order discovery by inspection, although not specifically authorized, was "inherent in the powers authorized by" the discovery statute).

■ Although the Commission does have the authority to dismiss this claim without prejudice, such a dismissal is not a final award subject to review under section 287.495. It does not dispose of the entire controversy between the parties and has not resulted in a complete resolution of this claim. *Martin v. Jet Envelope, Inc.*, 943 S.W.2d 321, 322 (Mo.App. E.D.1997). In addition, in the civil arena, a dismissal without prejudice is not a final judgment and is not appealable. *Chromalloy Ameri-*

*can Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997). Therefore, we do not have jurisdiction over this appeal and must dismiss it.

Further, we note that Claimants have filed two appeals in this same case and are no better or worse for having those appeals. Claimants' claim is still barred by the statute of limitations and as we concluded in our prior opinion, the Commission may only address the tolling provisions of section 287.440 when its requirements are met. *Oberreiter,* 991 S.W.2d at 723.

Appeal dismissed.

MARY RHODES RUSSELL, C.J., and LAWRENCE G. CRAHAN, J., concur.