Orville OBERREITER, (dec.) Employee, and Cheryl Oberreiter, Dependant of Employee,

v.

FULLBRIGHT TRUCKING COMPANY, Employer,

and

Missouri State Treasurer, as Custodian of the Second Injury Fund, Additional Party.

No. ED 82615.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 23, 2003.

Deborah A. Ledgerwood, Cape Girardeau, MO, for appellant.

Robert H. Sihnhold, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

This is the third appeal in this workers' compensation case. The Second Injury Fund ("Fund") now appeals from the decision of the Labor and Industrial Relations Commission ("Commission") reversing the award and decision of the Administrative Law Judge ("ALJ"), and awarding the widow of Orville Oberreiter and her children ("claimants") funeral expenses and weekly death benefits. Finding no error, we affirm.

Orville Oberreiter ("decedent") was killed in a tractor trailer accident on September 22, 1987. Claimants filed a wrongful death action in circuit court against Willard and Rose Mary Fullbright d/b/a Fullbright Trucking Company ("Fullbright Trucking") on March 4, 1989. Claimants' wrongful death petition alleged that decedent was an employee of Fullbright Trucking and that Fullbright Trucking had provided defective equipment to decedent that caused his demise.

On October 20, 1993, claimants filed a death claim for workers' compensation. At that time, claimants' wrongful death case was pending in circuit court. On October 7, 1997, after a hearing, the ALJ made findings of fact on the merits of the workers' compensation claim as well as concluded that the claim was barred by the statute of limitations. The Commission affirmed the ALJ's ruling that the claim was barred by the statute of limitations, but found that the ALJ lacked subject matter jurisdiction to make any findings as to the merits of the claim. On August 31,

1998, claimants appealed to this court, contending that the Commission erred in finding that their claim was barred by the statute of limitations, because the statute of limitations was tolled by section 287.440 RSMo 1986[1] while their wrongful death suit was pending against Fullbright Trucking.

In *Oberreiter v. Fullbright Trucking,* 991 S.W.2d 721, 723 (Mo.App.1999) (*"Oberreiter I"*), this Court noted that in order to toll the statute of limitations in a workers' compensation claim, section 287.440 requires: "(1) an action at law for damages, (2) denial of recovery, and (3) that recovery is denied because the person is an employee and the defendant is an employer subject to the Workers' Compensation Act." We observed that there was an action at law for damages in a court of general jurisdiction, but that there had been no denial of recovery at that point in time, for any reason, and that the Commission had properly concluded that the claim was barred by the statute of limitations. *Id.* This Court also stated that "If and when these additional requirements are met, then the Commission may address the applicability of the tolling provision. Until then, the tolling provision cannot be applied." *Id.* We further found that we did not have jurisdiction to consider the Commission's denial of compensation because it was not a final award. *Id.*

The case returned to the Commission after the issuance of the mandate, and on July 14, 1999, the Commission issued an order of dismissal without prejudice. The Commission noted the decision of this Court and stated:

A wrongful death action is pending in the Circuit Court of Jefferson County.

1. Unless otherwise noted, all further statutory citations are to RSMo 1986.

Unless the circuit court dismisses [claimants'] wrongful death suit for the specific reasons given in section 287.440 RSMo, the Commission does not have subject matter jurisdiction over the claim. We dismiss the claim without prejudice. The claim may properly be filed at a later time with the Division of Workers' Compensation pursuant to section 287.440 RSMo, if the requirements of that section are met.

Claimants appealed the Commission's order of dismissal without prejudice, asserting that Commission erred in issuing that order because it exceeded its authority and rendered the "temporary" award denying compensation a final award which could bar the refiling of another claim in the future.

In *Oberreiter v. Fullbright Trucking*, 24 S.W.3d 727, 729 (Mo.App.2000) ("*Oberreiter II*"), this Court noted that there were no specific provisions in the Workers' Compensation Act concerning dismissals without prejudice. However, we found that under the unusual circumstances that existed, the Commission had the inherent authority to dismiss the claim without prejudice based on the very nature of its function and implied in the statutes and regulations. *Id.* This Court further concluded that although the Commission had the authority to dismiss this particular claim without prejudice, such dismissal was not a final award subject to our review under section 287.495, and noted that in civil cases a dismissal without prejudice is not a final judgment and not appealable. *Id.* Accordingly, we dismissed the appeal. *Id.* at 730.

In addition to that appeal, claimants filed a motion to dismiss their wrongful death case in circuit court for lack of jurisdiction on September 29, 1999. The circuit court conducted a hearing on this motion, and on October 20, 1999, granted judgment sustaining claimants' motion to dismiss on the ground that the court lacked subject matter jurisdiction because decedent was an employee and Fullbright Trucking was an employer subject to the Workers' Compensation Act. Fund filed a motion with the circuit court for relief from judgment under Rule 74.06, or in the alternative a suit in equity on October 19, 2000. The circuit court denied that motion on March 1, 2001, holding that Fund lacked standing.

Claimants refiled a claim for workers' compensation benefits with the Division of Workers' Compensation on December 6, 1999. The ALJ held a hearing on this refiled claim, and on June 11, 2002, issued an award of no benefits ("2002 award") to claimants. The ALJ found that the claim was barred by the statute of limitations under section 287.430 because the tolling provisions of section 287.440 did not apply to the claim.

Claimants appealed the award of no benefits to the Commission. On February 3, 2003, the Commission reversed the ALJ's 2002 award. The Commission awarded claimants $5,000.00 for funeral expenses and weekly death benefits at the rate of $269.81 from September 23, 1987 forward and continuing as long as claimants are eligible for payment.

Fund now appeals from the Commission's award.

■ The standard of review for Commission decisions is set forth in section 287.495 RSMo 2000, which states:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

*See also Akers v. Warson Garden Apartments,* 961 S.W.2d 50, 52–53 (Mo. banc 1998). This Court defers to the Commission on issues of credibility and the weight to be given conflicting evidence. *Hughey v. Chrysler Corp.,* 34 S.W.3d 845, 846 (Mo. App.2000). However, we review independently questions of law. *Id.*

■ We review Fund's first and second points on appeal together. In its first point on appeal, Fund contends that the Commission erred in finding Fund liable for claimants' death benefits and funeral expenses because claimants' claim was barred by the statute of limitations under section 287.430. In its second point on appeal, Fund argues that the Commission erred in finding that the statute of limitations for filing a claim under the Workers' Compensation Act was tolled because section 287.440 did not apply to a claim such as that of claimants, "in that Section 287.440, when considered in light of Sections 287.120, 287.280.1 RSMo and the workers' compensation statutory scheme, was intended to toll the limitations period for only those claimants subject exclusively to workers' compensation law and not claimants entitled to file a suit at law under Section 287.280.1."

■ This Court utilizes rules of statutory construction "that subserve rather than subvert legislative intent." *Kincade v. Treasurer of State of Missouri,* 92 S.W.3d 310, 311 (Mo.App.2002). We will not construe a statute so as to work oppressive, unreasonable, or absurd results. *Id.* Absent a statutory definition, the words contained in the statute will be given their plain and ordinary meaning. *L.C. Development Co., Inc. v. Lincoln County,*

26 S.W.3d 336, 340 (Mo.App.2000). Provisions of an entire legislative act must be construed together and all provisions must be harmonized, if reasonably possible to do so. *Kincade,* 92 S.W.3d at 311. In workers' compensation cases, this Court broadly and liberally interprets the law with a view to the public interest and with the understanding that the law is intended to benefit the largest possible class. *Id.* at 311–12 (citing *Wolfgeher v. Wagner Cartage Serv., Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983)).

Section 287.440 states that:

Where recovery is denied to any person in a suit brought at law or in admiralty to recover damages in respect of bodily injury or death on the ground that the person was an employee and the defendant was an employer subject to and within the meaning of this chapter ... the limitation of time prescribed in section 287.430 shall begin to run from the date of the ultimate termination or abandonment of such suit or compensation proceeding,

We do not find ambiguity in this section. The plain and ordinary meaning is that the statute of limitations for a workers' compensation claim is tolled during the pendency of a suit at law or in admiralty for those cases in which the suit is dismissed or otherwise terminated because the plaintiff and defendant were, respectively, an employee and employer subject to and encompassed by the Workers' Compensation Act. This is what happened in this case. In *Oberreiter I* we stated the requirements for the tolling provision to be applicable, and noted that claimants had not yet met the second and third requirements because there had not yet been a denial of recovery. We noted that if the second and third requirements were met, namely that there was a denial of recovery, and that denial of recovery was because the decedent and

Fullbright Trucking were respectively an employee and employer subject to the Workers' Compensation Act, then the Commission could determine if the provisions of section 287.440 tolled the statute of limitations, and could make a final award on claimants' claim. Subsequently, claimants met the aforementioned requirements. While it is unusual for the plaintiffs rather than the defendant in an action at law to be the party seeking dismissal of the suit because the employee and defendant are subject to the Workers' Compensation Act, this does not change the effect of the circuit court's judgment in that case.

The Fund argues that section 287.440, if read in conjunction with sections 287.120 and 287.280.1, only applies to toll the statute of limitations for claims that are within the exclusive jurisdiction of the Commission, and not a claim that could be filed as an action at law or as a workers' compensation claim. We disagree. Nothing in section 287.440 so limits the scope of the tolling provisions, and construing it with the other provisions of the Workers' Compensation Act, which this Court interprets broadly and liberally, does not require that the statute be read more narrowly than its plain and ordinary meaning.

We note that Fullbright Trucking, at least until August 1999, when it filed answers to requests for admissions in the wrongful death action, had consistently maintained that it was not subject to the Workers' Compensation Act. Fullbright Trucking did not assert in either its answer or amended answer to claimants' wrongful death petition that the circuit court lacked jurisdiction because decedent and it were respectively an employee and employer subject to and within the meaning of the Workers' Compensation Act. In its 1996 answer to the workers' compensation claim filed by claimants in 1993, Fullbright Trucking asserted that it was not

subject to the Workers' Compensation Act at the time of decedent's accident on September 22, 1987. The ALJ in both his 1997 and 2002 awards on this claim stated that whether or not Fullbright Trucking was "operating under and subject to the provisions of the Missouri Workers' Compensation Act" was an issue in the case and disputed by both Fullbright Trucking and the Fund. Under these circumstances it was appropriate for claimants to file an action in circuit court for wrongful death. If Fullbright Trucking had proved correct in its assertion that it was not subject to the Workers' Compensation Act, claimants would have no recourse had they not filed the original action at law in 1989.

■ Fund also asserts that claimants filed their motion to dismiss their wrongful death claim essentially in bad faith, implying that it was a mere tactic to revive the workers' compensation claim and get around the statute of limitations, and that they feigned a lack of knowledge that Fullbright Trucking was uninsured. There is nothing in the record to indicate that this was done in bad faith. We note that in both the 1997 and 2002 ALJ Awards, the ALJ stated that whether or not Fullbright Trucking was uninsured was an issue disputed by Fullbright Trucking and Fund. Further, while the ALJ in his 1997 Award found that Fullbright Trucking was uninsured, the Commission in its 1998 Award held that the ALJ lacked jurisdiction to rule on the merits of the case. The evidence presented at the 1996 hearing, while suggesting that Fullbright Trucking was not insured, was not conclusive. While the attorneys for claimants and Fullbright Trucking apparently stipulated that Fullbright Trucking did not have insurance, the Fund did not so stipulate, objected to questions to Willard Fullbright about the stipulation and lack of insurance, and those questions were withdrawn. The stipula-

tion by claimants' attorney might indicate that claimants knew that Fullbright Trucking was uninsured, or it might have been part of a legal strategy. Willard Fullbright testified at the 1996 hearing that he could not remember whether or not his company had insurance at the time of decedent's fatal accident, and that Fullbright Trucking had not retained all of its records from 1987.

We will not speculate as to what claimants actually knew when they filed their motion to dismiss the wrongful death action. The circuit court held a hearing on the motion, heard arguments, and made its decision to dismiss the wrongful death case on the grounds that decedent and Fullbright Trucking were an employee and employer, respectively, subject to the Workers' Compensation Act. The Commission properly applied section 287.440 in holding that the statute of limitations was tolled. Points denied.

■ In its third point on appeal, Fund asserts that the Commission erred in finding that Fund was liable for claimants' workers' compensation benefits based on the circuit court's judgment and order dismissing the wrongful death action because that judgment was not binding on the Commission, "in that the Commission had primary jurisdiction to determine whether dependents were subject to the exclusive jurisdiction of workers' compensation law and the Fund was not a party to the Circuit Court case."

■ Subject matter jurisdiction is a threshold issue. *Lewis v. Lewis,* 930 S.W.2d 475, 476 (Mo.App.1996). Subject matter jurisdiction cannot be conferred by consent or estoppel, and the lack thereof cannot be waived. *Bacon v. Director of Revenue,* 948 S.W.2d 266, 267 (Mo.App. 1997). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 55.27(g)(3). If a court lacks jurisdiction, it may take no other action than to exercise its inherent power to dismiss, and any other action is null and void. *Hicks v. Director of Revenue,* 59 S.W.3d 927, 930 (Mo.App.2001). When it appears by a preponderance of the evidence that the trial court lacks subject matter jurisdiction, the motion to dismiss should be granted. *Deckard v. O'Reilly Automotive, Inc.,* 31 S.W.3d 6, 13 (Mo.App.2000). Where a question of jurisdiction is in doubt, it should be resolved in favor of the Commission. *Id.* Whether a case falls within the exclusive jurisdiction of the Commission is a question of fact, and therefore the determination should be left to the sound discretion of the trial court. *Id.* at 14.

In the case at hand, claimants filed a motion to dismiss, and the trial court held a hearing on the motion. As part of the record, the trial court had Fullbright Trucking's response to claimants' request for admissions in which Fullbright Trucking admitted that it employed the decedent, that it had five or more employees on September 22, 1987, and that decedent was killed while in the course and scope of his employment with Fullbright Trucking.[2] Those issues were not disputed. The circuit court thereafter issued its judgment dismissing the action "for lack of subject matter jurisdiction because [decedent] was an employee and [Fullbright Trucking] was an employer subject to the Workers' Compensation Act." There was evidence to support that determination. Having determined that it lacked subject matter ju-

---

**2.** Section 287.090.1(2) states that the Workers' Compensation Act does not apply to employers that have four or fewer employees.

risdiction, the trial court had the inherent power to dismiss the action.

 Analyzing the matter from the perspective of primary jurisdiction does not alter the propriety of the trial court's dismissal of the wrongful death action. Under the doctrine of primary jurisdiction, a court is restrained from deciding a question within the jurisdiction of an administrative tribunal until that tribunal has rendered its decision. *Id.* Deference to the agency or tribunal is warranted where (1) administrative knowledge and expertise are demanded, (2) technical or intricate fact questions are to be determined, and (3) uniformity is important to the regulatory scheme. *Id.* Agency expertise was not necessarily required for the trial court to determine that an employer had five or more employees at the time of an injury or death when an employer has made a judicial admission that it did have five or more employees.

Fund takes the interesting position that the circuit court had jurisdiction to determine that it had jurisdiction over claimants' wrongful death suit, but lacked the power to determine that it did not have jurisdiction over the case, citing the primary jurisdiction doctrine. Quoting from the Fund's argument in its third point on appeal,

> It would be appropriate to remand to the Commission for a decision on the correctness of the Circuit Court's order. However, that would be a waste of judicial and administrative resources. As discussed in Point II, the Circuit Court, in fact, had jurisdiction in the wrongful death suit and was therefore able to enter its Judgment.

We note that the Commission had the opportunity to address the merits of claimants' claim, and determined that it did not have subject matter jurisdiction over the claim to determine if the statute of limitations was tolled under section 287.440 until and unless the circuit court dismissed the wrongful death action for the reasons set out in section 287.440. This Court in *Oberreiter I* essentially agreed with the Commission, and dismissed the appeal on the ground that it was not a final award. The Commission also held in its 1998 Award that in determining whether or not it had jurisdiction, the circuit court would have to make the factual determination as to whether or not Fullbright Trucking was insured on September 22, 1987.

The circuit court had the power to determine that it lacked jurisdiction. The court's judgment dismissing the case for lack of jurisdiction did not impinge on Commission's primary jurisdiction. As the Commission noted in its 2003 Award, there is nothing in the record that indicates that the circuit court's order dismissing the wrongful death action was improper or invalid. Point denied.

The award of the Commission is affirmed.

WILLIAM H. CRANDALL JR., and LAWRENCE E. MOONEY, JJ., concur.